AMANDA M. GREEN *v.* BENJAMIN F. GLASSCOCK.
BENJAMIN F. GLASSCOCK *v.* AMANDA M. GREEN.

Where there has been a settlement of accounts between partners, and a note given by one to the other for the balance found due, on an allegation of error the former may go into an investigation of the accounts, and show that the note was given in error; but the settlement will be presumed to be correct, until the contrary is shown by the party alleging it. Receipted accounts embraced in such a settlement, will be admissible in evidence, subject to the right of the opposite party to show that they were erroneously allowed.

Where an account has been settled between the parties, and a balance struck, the account must be regarded as an entire thing, subject to proof of error, and the debit side cannot be given in evidence without the credit side.

APPEAL from the District Court of Concordia, *Curry,* J.

BULLARD, J. These two cases were consolidated and tried together in the court below, and have been argued and may be considered together here. The first is an action in which the

plaintiff claims a large amount due her, resulting from a partnership with the defendant in the cultivation of a plantation, for the years 1835–6–7, of which she demands a final settlement, and a judgment in her favor for the balance due to her. To this action the defendant pleads, that there has already been a full and final settlement between him and the plaintiff, which resulted in a balance in his favor of $3000, for which the plaintiff gave her note. This alleged final settlement he sets up as a bar to the present action.

The second case, that of *Glasscock* v. *Green*, is an action upon the note for $3000, thus alleged to have been given for a balance of accounts growing out of the planting concern. To this suit the defence is, that the note was given in error, and for a balance then supposed to be due to the plaintiff, but since discovered not to be due; that the plaintiff had agreed to reopen the accounts for final adjustment; and that a suit is now pending for that purpose. The defendant prays that the note may be cancelled.

It appears that previously to to the institution of these suits the parties had agreed to open the accounts between them, and refer the same to arbitrators, but that, the arbitrators had declined to act. Whereupon the suit was brought, as if no settlement had ever been made.

There was a verdict below in favor of Glasscock, and, from a judgment pronounced thereon, the plaintiff in the first action prosecutes the present appeal.

After evidence had been admitted, without objection, touching the accounts between the parties, the judge charged the jury, that the agreement to refer the accounts to arbitrators did not open the accounts for judicial investigation; that if the arbitrators declined to act, others might have been chosen; that if the arbitration failed to be carried into effect, it was as if no agreement had been made; also that particular errors in an account that had been acknowledged, and denied, should be specified and proved, in order to open and set aside the settlement. To this charge a bill of exceptions was taken. The counsel for the plaintiff Green, further requested the court to charge the jury ,that the agreement made by the parties, subsequent to the settlement

to refer the accounts to arbitration, of itself opened the accounts, and that, if the arbitrators refused to act, the plaintiff Green had a right to require a judicial investigation of the accounts, and to have any error corrected, which charge the court refused to give.

The judge, in our opinion, erred in this charge to the jury. The accounts between the parties were re-examinable in these cases, subject to this restriction, that the burden of proof was upon the party alleging error. The consideration of the note given for an alleged balance, was expressly questioned, and the party thus alleging error had a right to go into the matters of account, and show that the note had been given in error, notwithstanding a settlement of accounts. That settlement is presumed to be correct, and to have resulted in a just balance, until the contrary be shown by the party claiming to have it corrected.

As the jury may have been misled by this charge, and the case must be remanded for a new trial, it becomes proper to examine other bills of exception taken by the plaintiff in the progress of the trial.

A witness was asked whether he had had a note marked A. A. A. in his possession, and from whom he had received it. The question was objected to by the plaintiff's (Green's) counsel, but the objection was overruled. The note appears to be one of the defendant's (Glasscock's,) and the enquiry connected with the matters of account between the parties, and was properly permitted.

Nor did the court err, in our opinion, in permitting the receipted accounts to be given in evidence, so far as they were embraced in the previous settlement, subject to the right of the plaintiff Green to show that they had been allowed in error.

The plaintiff Green offered in evidence the debit side of the accounts B. C. and D. filed by the defendant Glasscock, and referred to in his answer, which was offered to show the number of bales of cotton made on the place during the partnership, and the amount for which the cotton was sold. The defendant's counsel objected to a part of the account being given in evidence without the whole, including the credits thereon stated.

This objection was sustained, and the plaintiff, Green, took a bill of exceptions.

Admitting the general rule to be as contended for, that the debit side of an account may be given in evidence independently of the credit side against a party bound to render such account, yet we think the rule not applicable after an account has been settled between the parties, and a balance struck. The account then is to be regarded as an entire thing, subject to proof of error or omissions.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed; that these cases be remanded for a new trial, with directions to the judge to abstain from charging the jury as stated in the bill of exceptions, but to charge them as herein expressed; and that the appellee pay the costs of this appeal.

*F. H. Farrar,* for the appellant.

*Stacy* and *Sparrow,* contra.