HENRY KEANE *v.* W. L. BRANDEN and ROBERT SEMPLE.

Since the Statute of 1844, money paid for usurious interest can be reclaimed if suit is brought within one year after the payment.

Where an account has been rendered and a balance struck and acquiesced in by the debtor, the imputed credits are to be considered as payments, but the credits must first be imputed to the payment of such charges as the debtor was legally bound to pay and not to such as he was under no obligation to pay.

An acquiescence in an account containing illegal charges, will not estop the debtor from pleading their illegality—the only effect of such acknowledgment is to dispense the creditor from any affirmative proof. A mere charge in an account of interest beyond the legal rate which has not been acknowledged or acquiesced in, will not preclude the creditor from the recovery of legal interest.

Interest may be charged on the balance of an account rendered and acquiesced in, although the account was made up in part of interest, provided the interest so charged was not usurious.

An agent who has been instructed to insure, cannot take the risk upon himself as insurer; he cannot, if he does, recover from his principal premiums for insurance, but in case of loss he would be bound to indemnify his principal not as insurer but on the ground of having failed to comply with his instructions.

Where the factor has made advances to the planter from his own resources, all charges for negotiations, discounts and commissions, if charged in addition to eight per cent. per annum, are illegal.

A PPEAL from the Sixth District Court of New Orleans, *Cotton,* J. *Race & Foster* and *Durant & Horner,* for plaintiff. *J. M. Chilton* and *Benjamin, Bradford & Finney,* for defendants and appellants.

LEA, J. The plaintiff sues for an alleged balance due upon an account current for supplies and advances made to the defendants, as shown by accounts annexed to the petition. In a supplemental petition a claim is made for commissions upon the defendants' crop, which the plaintiff alleges he would have earned, had the defendant complied with his contract to ship the same to him after having been furnished by the plaintiff with supplies for his plantation, with the understanding that the petitioner should have the commissions for selling the crops.

The defendants pleaded the general issue, and further they alleged that the plaintiff, being the factor and commission merchant of *Brandon,* received his crops in that capacity, and from time to time since the year 1847, rendered him accounts which they aver are incorrect and fraudulent, " containing overcharges, false entries, miscalculations and errors, also illegal and unauthorized charges for interest, and discount for moneys raised by said plaintiff for his own use, and without the consent or authority of the defendants.

A special jury of merchants was empannelled to try the issues involved in the case, who found a verdict in favor of the plaintiff for the sum of $6,184 89, with interest at five per cent. per annum from the 9th of March, 1854.

From a judgment based upon this verdict, the defendants have appealed.

On the trial of the case the court was asked to instruct the jury:

1st. That an agreement to pay usurious interest, or any other charges at a higher rate of commission, discount, or insurance, &c., than the law allows, is a natural obligation, and money paid under it could not be recovered back, until since the passage of the Act of the Legislature of this State in 1844, p. 15, and that now under said Act, money paid, or accounts acknowledged to be correct, cannot be reopened and inquired into by the party who pleads *usury,* ex-

cept to the extent of *one year*, dating from the time such plea was filed in court, and that said law applies equally to a defendant who resists payment of a balance on account, as to a plaintiff who brings a direct action to recover back any such charges.

2d. That where no objections are made to the rate of interest, commissions, discount, exchange, insurance, &c., for a long time after the account current was rendered, and the balance finally settled, or acquiesced in by the debtor, or planter, he will be estopped from objecting to any usurious charges contained in said accounts thus rendered.

3d. That if the jury find that there was, in the spring of 1853, or at any other time, an acknowledgment of, and an acquiescence in the accounts current rendered up to that time; in that event, their inquiry into any and all usurious charges will be restricted to *one year* from the date of the defendants' filing their answer in this suit, setting up usury, &c.

4th. That if the jury find from the evidence, and particularly from the act of sale, that the "Arcole" plantation was sold to *Colonel Robert Semple*, and that *General W. L. Brandon* managed said plantation as the agent of said *Semple*—in that event, any acknowledgment of the correctness of said accounts by *Brandon*, during the continuance of his agency, are binding upon *Semple*, his principal.

5th. That when an account current, showing the balance, has been rendered and acknowledged, it is not then necessary to show any of the items thereof.

6th. That where a factor renders his account current showing a balance due, which balance is made up in part by *interest charges*, which have been acquiesced in, *interest* may be charged on such *balance*.

7th. That a factor, by charging in his account current usurious interest, &c., does not thereby forfeit his right to recover legal interest.

8th. That if the jury find from the evidence, that supplies were furnished by the plaintiff to defendants, under a promise or agreement that the crop of 1853 should be consigned to him for sale; and that said crop was not shipped to him, but to the house of *Payne & Harrison*, then said plaintiff is entitled to full commissions upon the whole of said crop.

9th. That fraud is never to be presumed, but must be proved by the party who alleges it.

10th. That if the jury should disagree with counsel for plaintiff, and not find a sufficient acknowledgment of, or acquiescence in said accounts current by said defendants or either of them, to restrict their investigation to *one year*, then it will be their duty to correct all errors against plaintiff, as well as those in his favor.

The district Judge charged the jury on all the foregoing points in accordance with the prayer of the plaintiff's counsel, making a verbal but immaterial change in the form of the charge on the first point.

We think there was error in the charge of the court so far as it relates to the right of the defendant to recover the sums paid for usurious interest, and other illegal charges.

Formerly, money paid for usurious interest could not be recovered; but since the Statute of 1844, money so paid can be reclaimed if suit is brought for its recovery within one year subsequent to the date of the payment; and when once an account has been rendered and the balance struck, and acquiesced in by the debtor, the imputed credits in the account will be considered as pay-

ments; but in such case, the credits must be imputed, first, to the payment of such portion of the charges as the debtor was legally bound to pay; not to such, as he was under no obligation to pay, as for instance usurious interest. The prescription for the recovery of usurious interest which has been paid, does not extend to any other charges for which the debtor was not bound and which he may have paid. An acquiescence in an account containing *such charges* will not estop the party making it from his action for a recovery.

2d. When an account current showing a balance has been rendered and acknowledged, the creditor is dispensed from any further affirmative proof beyond the acknowledgment of the several items of the accounts; but such acknowledgment is not conclusive, its effect being merely to throw the burthen of proof of the inaccuracy of the account upon the debtor who alleges it.

3d. A mere *charge* in an account, of interest beyond the legal rate, which has not been acknowledged or acquiesced in, will not preclude the creditor from the the recovery of legal interest; and where an account has been rendered and a balance struck which *has been acquiesced* in by the debtor, interest may be charged subsequently on such balance, though formed in part of anterior interest, provided such anterior interest be not usurious.

Our attention has also been called to the bills of exception taken to the charge of the court to the jury, as given upon the request of the defendants' counsel.

The counsel of defendants asked the court to charge as follows:

1st. If the jury believe from the evidence before them, that no insurance was actually paid by the plaintiff, as charged in the accounts on file, but that the plaintiff assumed the risk of insurance himself, and charged for the risk so assumed, then all the charges for insurance so made are illegal and must be stricken from the accounts on file, unless the jury find that the plaintiff assumed the risk of insurance, and charged for the risk so assumed with the knowledge of and by agreement with the defendants.

2d. That if the jury believe from the evidence on file that the negotiations charged in the accounts on file were not actually made, but that the funds advanced to the defendants were raised by the plaintiff from his own resources, then that all charges of commission, discount, &c., for such negotiations are illegal and must be disallowed.

3d. That all charges for the commission upon funds advanced by the plaintiff are illegal and must be disallowed, if claimed and charged in addition to interest at the rate of eight per cent. per annum.

4th. That the rate of legal interest is five per cent. per annum. That the highest rate of conventional interest is eight per cent. per annum. That conventional interest cannot be charged in any case without an agreement in writing to authorize it; and that no greater compensation for the use of money than eight per cent. per annum, can be lawfully charged in any case, whether disguised as commissions for advancing, commissions for negotiating, discount upon exchange or otherwise.

5th. That if an account current contain charges for interest beyond the highest conventional rate of eight per cent. per annum, whether disguised as commissions for advancing, commissions for negotiating, discount upon exchange or otherwise, or if the said account current contains any other illegal charges, and the account current is closed by striking a balance and bringing down the balance to the debit of the account, but without any special imputation of the

credits in the account to any particular items of debit, then the credits must be imputed to the sums legally due, and not to the illegal charges for interest or otherwise—and that all the illegal charges aforesaid must be treated by the jury as contained in the balance so brought down.

6th. That if an account current showing a balance due to the plaintiff, but which balance results from illegal charges for interest or otherwise, be transmitted to the debtor and received without objection, yet that such acquiescence and consent to the account cannot preclude the debtor from subsequently contesting it.

7th. That if there has been fraud or undue concealment amounting to fraud practiced by a factor in his account current or in his dealings with a planter, for one or more years, *prescription* cannot be pleaded or set up in bar to the planter's right to inquire into and demand a correction and relief from such fraud, except from the date of the discovery of such fraud by the planter.

8th. That if there are gross errors in fact, or mistakes as to the legal rights of the parties in accounts between factor and planter, the planter will not be barred by acquiescence or lapse of time from inquiring into and correction of said errors and mistakes, except from the date of the discovery by the planter of such gross error or mistake.

9th. That if the jury are of opinion from the evidence on file that the defendants had just cause for withdrawing his business from the plaintiff, then he, the plaintiff, is not entitled for commissions on the crop of 1853.

10th. That the jury are at liberty to give a general verdict by pronouncing on the law and the facts, in the case submitted to them.

We think there was no error in the charge which the court was called upon to give to the jury, except as respects the fifth item, which should have been in some respects modified. The court refused to charge as requested upon the first, fourth and sixth points specified.

1st. An agent who is instructed to insure cannot take the risk upon himself as an insurer, without the previous consent of his principal. He cannot contract with himself, and if he could, the rule is as consonant with public policy as with a sound morality, that he should not be permitted to do so. He cannot, therefore, recover the premiums for insurance which he has charged, for there has been no contract of insurance; but in case of loss, he would not the less have been bound to indemnify his principal, not as an insurer, but as an agent who had failed to comply with his instructions.

2d. Conventional interest cannot be charged without an agreement in writing to authorize it, and by no evasion in the form of the contract, can the creditor lawfully obtain more than eight per cent. for the use of his money.

3d. We have already considered the question presented in the sixth point upon which the court was requested to instruct the jury.

Upon the question of imputation of payments we have already stated, that where an account had been presented, and a balance struck, which had been acquiesced in by the debtor, that the imputed credits in the account would be considered as payments; but in the absence of any special imputation of the credits to any particular items of debit, they were to be imputed, *first*, to the payment of such portion of the charges as the debtor was legally bound to pay, and not to such as he was not bound to pay; but should the payments, or the amount imputed as such, be *in excess* of the amount *actually* due, the surplus, under such circumstances, may fairly be considered as imputed to the

usurious interest, or other illegal charges specified in the account; and after such imputation shall have been made, we think so far as relates to the recovery of the usurious interest thus paid, that the prescription of one year would be applicable.

We think that a restatement of the several accounts rendered by the plaintiff in accordance with the foregoing principles, would make a material change in the result. The district Judge was of the opinion that substantial justice had been done by the verdict of the jury; but we must presume that the jury acted upon the instructions of the court, and that had the instructions been different, there would have been a corresponding difference in the verdict of the jury.

If the record were complete, we might refer the accounts to an auditor to be restated in accordance with the foregoing views, but portions of the record are wanting, which can only be supplied by evidence offered on a new trial, and though such portions may have no very important bearing upon the merits of the case, we think it unsafe, under the circumstances, to adjudicate upon an incomplete record.

It is proper to add, that we think the bill of exceptions to the admission of the account marked (W. X) was well taken. There should have been other evidence, besides the affidavit of the plaintiff, that the original account had been transmitted to the defendants; and that the copy offered in evidence was a correct copy of said original. Under the circumstances, the affidavit did not furnish a sufficient basis for the introduction of the copy in evidence.

It is ordered, that the judgment appealed from be reversed, and that the case be remanded for further proceedings to be had in accordance with the principles announced in this opinion, and in other respects according to law. It is further ordered, that the plaintiff and appellee pay the costs of this appeal.

MERRICK, C. J., took no part in the decision of this case.