WRIGHT, WILLIAMS & Co. v. E. HILL & Co. and J. D. HILL.

Where the defence to an action for a balance of account was, that there were usurious charges in previous accounts which resulted in the balance sued for—*Held :* That if such previous accounts were tainted with fraud or usury, their reception without objection by the party to whom they were rendered, would not be a valid objection to the defence, if it was set up within the time limited to recover back usurious interest.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J. *Clark & Bayne,* for plaintiffs. *Race & Foster,* for defendants and appellants.

BUCHANAN, J. The pendency of another suit for the same cause of action in the State of Arkansas, is no bar to the present action. *Peyroux* v. *Davis,* 17 La. 479.

Plaintiffs sue defendants for a balance of account current. The debit side of the account is composed of five items, as follows :

| | | | | |
|---|---|---|---|---|
| 1854, July 10. | To cash balance per account rendered | | | $9,665 19 |
| 26. | " A. G. Tate's account collected by you—interest from 26th July, 1852. | $149 72 | | |
| | 2 years interest at 8 per cent. | 23 95 | | |
| | | | 173 67 | |
| May 31. | " paid our acceptance your draft to Whitlock, Nichols & Co. due this date. | $788 24 | | |
| | Protest on same | 4 00 | | |
| | | | 792 24 | |
| 1855, May 17. | " interest to date from outer column | | 736 86 | |
| | " Commissions for advancing 2½ p. ct. on $10,631 10 | | 265 78 | |
| | | | | $11,633 74 |

The defendants called for a detailed statement, or bill of particulars composing the balance of $9,665 19, figuring to their debit at the head of the account current annexed to plaintiffs' petition.

Plaintiffs thereupon filed a copy of a previous account current, rendered by them to defendants, under date of July 12th, 1854, closing by a balance to debit of defendants, of that date, of $9,665, 19. This account current opens with the following item on the credit side :

1853, Sept. 1. By balance per account rendered,..........$3,255 63

The defendants have specially pleaded in defence to this action and as a ground of their prayer for a bill of particulars, that much of the account sued upon is made up of false entries, overcharges of interest, commissions, drayage, &c., which if corrected, would more than cancel the amount of defendants' indebtedness to plaintiffs; and that it is absolutely necessary for the investigation of this account, that the plaintiff should render detailed accounts for every item of the account sued on.

Plaintiffs contend that they have done all that they were bound to do, by exhibiting the account between them and defendants in detail, back to a period when a balance is acknowledged by them in favor of defendants. The defendants on the contrary maintain that that balance itself is the result of anterior debits and credits which are open to investigation, and have examined witnesses under a commission, being clerks in their employ, who have produced annexed to their depo-

30

sitions the following accounts current rendered by the plaintiffs at various times to the defendants :

An account rendered 10th May, 1850, stating a balance to debit of defendants at that date, of.................................... $2,859 82

An account rendered 21st June, 1850, balance to debit of defendants, of.......................................................  4,113 16

An account rendered 15th July, 1850, balance to debit of defendants, of.......................................................  3,048 66

An account rendered January 4th, 1851, balance to debit of defendants, of............................................... 18,140 84

An account rendered May 8th, 1851, balance to debit of defendants, of 16,657 18

An account rendered July 10th, 1851, balance to debit of defendants, of................................................. 14,655 22

An account rendered September 1st, 1851, balance to debit of defendants, of...............................................  4,413 25

An account rendered May 25, 1852, balance to debit of defendants, of.......................................................  7,580 33

An account rendered July 24th, 1852, balance to debit of defendants, of.......................................................  1,858 47

An account rendered July 15th, 1853, balance to credit of defendants,  3,376 02

An account rendered Sept. 1st, 1853, balance to credit of defendants, of...............................................  3,255 63

An account rendered 12th July, 1854, balance to debit of defendants, of...............................................  9,665 19

But on motion of plaintiffs' counsel, the district Judge ruled out from the consideration of the jury who tried the cause, all of these accounts current except the last. The counsel of defendants excepted to this ruling, and we think the exception well taken. It is to be observed that each of these accounts current commences with the balance stated in that one which immediately proceeds it in date ; and it is also to be observed that interest is calculated in each account on every item from its date to the date of rendition of the account and that the balance of interest is carried to the debit or credit, as the case may be, of the general account, and thus contribute to swell the general balance ; which being carried forward to the next account rendered, itself is made to carry interest to the date of that account. Now, although it has been held that a balance of account current acknowledged, or rendered and received without objection, may be legally treated as a new capital, which carries interest; yet in the present case the evidence is conflicting about the acknowledgment of the balances of account current stated by plaintiffs to defendant. Two witnesses for defendants swear that those balances were always objected to ; while one (the bookkeeper of plaintiffs) swears that the accounts were received without objection.

And as to the charges tainted with usury or fraud, if any such exist, as alleged by defendants, the reception of the accounts even without objection made, would not have barred an action to recover them back, within the time limited for such actions. And when pleaded, as here, in defence to an action, the maxim " *quæ temporalia*" would come in aid of the defence.

But the learned judge of the court below was of the opinion that, inasmuch as the defendants had not filed a reconventional demand, claiming to be allowed more than the balance shown in their favor by the account current rendered by plaintiffs, on the 1st of Sept., 1853, it is incompetent for defendants to go behind the ba-

lance stated in that account, and show that it should have been larger. The error of this conclusion arises from considering the account current of the 1st Sept., 1853, as something entirely distinct and seperate from that of July 24th, 1854.

But this is not so. The balance of the former account, is an integral portion of the latter account and being made up of all the items collectively, which figured individually in the former, those items are reproduced and perpetuated in the latter.

The only effect of a want of a demand in reconvention in the pleadings of defendants, is, that they cannot have judgment for any excess which the retrenchment of illegal charges might operate in their favor, upon the final settlement of the account.

It is therefore adjudged and decreed, that the judgment of the district court be reversed, and this cause remanded for a new trial, with instructions to the district court not to exclude evidence touching the correctness of the account current rendered by plaintiffs to defendants, prior to the 24th July, 1854; and that appellees pay costs of appeal.

SPOFFORD, J., took no part in this case.