KEANE
*v.*
GOLDSMITH.

</div>

---

## TAYLOR, HADDEN & Co. *v.* M. SIMON.

Where a party receives back a draft given by him in payment, upon an agreement to replace it by an equivalent, no novation takes place if he fails to do so.
The prescription of five years alone is applicable to a case like the present.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *R. N. Ogden* and *J. D. Augustin*, for appellees.  *J. B. Cotton*, for appellant.

BUCHANAN, J.  This suit grows out of an item of $400 credited by plaintiffs, merchants in New Orleans, to defendant, a merchant in the country, in account current; which credit was for a city acceptance of a draft drawn by a planter in the country to order of defendant, and by him endorsed and delivered to plaintiffs in settlement.  The acceptance thus endorsed had between six and seven months to run to maturity, at the time of its transfer and delivery by defendant to plaintiffs.  In the interval, the acceptor failed, and the defendant received it back from plaintiffs, upon an agreement that the former would furnish the latter, in its place, something of equal amount that was available, or pay the money at the maturity of the draft.  Had defendant replaced the draft by an equivalent, this would have operated a novation, as between plaintiffs and defendant, of the debt of which the endorsed draft was the evidence ; but having failed to do so, the draft still remained the property of plaintiffs ; and by the effect of the agreement, the contingent liability of defendant, as endorser, was converted into an unconditional and absolute liability, like that of an acceptor, to pay the draft at maturity to plaintiffs, as holders.  Although the return of the draft by plaintiffs to defendant, was noted in the bill-book of the former, no counter-entry was made in the account of defendant ; neither was there any equivalent furnished, nor was the amount of the draft paid at maturity.  The evidence of these facts is positive and uncontradicted.  We are, therefore, to consider plaintiffs as the holders of defendant's acceptance, matured the 4th October, 1853.  The subsequent balances of account stated, and settlements made between the parties, although good *prima facie* evidence between the parties, of payments in full to the dates of such settlements of all previous obligations, must yield to the proof of error, caused by the

omission of a book-keeper to make a counter-entry in account-current, and perpetuated by subsequent changes of book-keepers.

The defendant has pleaded the prescription of three years for open accounts, under the statute of March 5, 1852, p. 96. But we are of opinion that the prescription applicable to this case is that of five years for bills of exchange and promissory notes. C. C., Art. 3505. But that prescription is not pleaded ; and if it were, could not avail to bar this action, citation having been served four years and eighty days after the maturity of the draft.

Judgment affirmed, with costs.

COLE, J., absent.