## HANDLEY v. BARRETTA.

### No. 16990.

Court of Appeal of Louisiana. Orleans.
June 13, 1938.

Gill & Simon, of New Orleans (Warren Simon, of New Orleans, of counsel), for appellee.

Puneky & Barrios and James J. Landry, all of New Orleans, for appellant.

JANVIER, Judge.

This is a suit for an accounting. Giocchino Barretta, better known as Sam, operates a small neighborhood grocery and grog shop. Morel Handley, a colored veteran of the late world war, was a customer of Barretta, but did not enjoy the privilege of purchasing on credit. It became apparent, however, that Handley was entitled to and would soon receive the proceeds of bonus bonds which the United States Government had allotted to him in accordance with the Adjusted Service Act, 38 U.S.C.A. § 686 et seq., and, accordingly, during May, 1936, he arranged with Barretta for credit with the understanding that so much of the proceeds of the bonds as might be necessary would be paid to Barretta as soon as they were received. The check for $600 representing the proceeds of the said bonds was received on June 29, 1936. It was indorsed in blank by Handley and Barretta received the cash, most of which he applied to the debt due

him. Handley was unsuccessful in his attempt to obtain the balance. This suit is the result.

In the petition it is alleged that the said balance is $314.67. Barretta, in his answer, itemizes in detail the charges and cash advances for which he says Handley was liable and avers that the net balance due Handley is $15.47. This amount he deposited in the registry of the court. When it became apparent that the matter would require considerable time for trial in the court below, under the authority of Act 119 of 1934, it was referred by the District Judge to the Commissioner of the Civil District Court for the Parish of Orleans. The Commissioner heard the evidence and made his report, recommending that judgment be rendered in favor of plaintiff for $152.42. Judgment was rendered accordingly and from this judgment Barretta has appealed.

The record shows that, as soon as it became apparent that Handley would shortly receive the proceeds of the bonds in question, he began to indulge in a spending orgy and drinking spree with the obvious purpose of getting rid of the money as soon as it was possible to do so. Barretta advanced him cash on several occasions and extended him credit in large amounts whenever he required it. On June 29th, a document was prepared—apparently by Barretta—and signed by Handley in the presence of witnesses. This document—on a billhead of Barretta—reads as follows:

"New Orleans, La., June 29, 1936.
"Mr. G. Barretta, 1141 Carondelet St.
"I agree to pay my honest debt to Mr. G. Barretta. The total and full amount Groceries and cash of the full amount
"Five hundred and five dollars and fifty three cents. $505.53
"[Signed] Morel Handley
"(Witnesses) Joe Handley."

Barretta maintains that this document represented a compromise as of that date of the claims, pro and con, and that, since it was in writing and was signed by Handley, the items making up the $505.53 cannot be inquired into, and that, therefore, Handley is precluded from contending that the $505.53 shown therein was not due on that day. Barretta, therefore, starts with this item and seeks to add to it other items for which he claims Handley is indebted to him since June 29th, and also the sum of $30 said to represent cash advanced

prior to that date. It is in this way that he arrives at the balance of $15.47, which he admits is due.

Handley, on the other hand, maintains that there are errors in the account, the balance of which was sought to be struck on June 29th, and that he has the legal right to point out these errors.

That he may do so is evident. This document was, in no sense, a compromise. The parties did not have in mind that they were settling any differences or any disputes, but merely that they were striking a balance on the account which was running between them. That errors in such an account may be shown is well settled. The Commissioner, in his recommendation, makes the following statement concerning this question of law:

"The only point of law which is presented by this case is whether after an account has been stated and has been acknowledged by the party to whom it is rendered, the court has authority to reopen the account.

"As stated in my findings of facts, I cannot regard the document of June 29th., 1936 (Exhibit 'D-16') as anything more than a statement of account rendered by Barretta and acknowledged by Handley as being correct. Barretta's attorney has attempted to treat the document as the evidence of a compromise. To my mind neither the document itself nor the testimony with respect thereto supports his contention.

"On the question of the Court's authority to re-open an account which has been stated and acknowledged by the party to whom rendered, the law seems plain.

"Corpus Juris, Volume 1, Page 709, verbo 'Accounts and Accounting', has this to say:

"'Section 335. Formerly the stating of an account was considered so deliberate an act as to preclude an examination into the items composing it; but since an early day greater latitude has prevailed, and it may now be said to be the rule that an account stated does not create an estoppel, and that neither a stated nor a settled account is conclusive, but simply affords strong presumptive evidence which may be rebutted by showing fraud or mistake. * * * Where fraud or mistake is shown, it is immaterial that the statement of the account was signed by the parties, or that a note or other evidence of indebtedness was given for the balance, or that

830

receipts in full were given by the parties. * * *'.

"This seems to be the law of Louisiana. In Green v. Glasscock, 9 Rob. 119, it was said:

" 'Where there has been a settlement of accounts between partners, and a note given by one to the other for the balance found due, on an allegation of error the former may go into an investigation of the accounts, and show that the note was given in error; but the settlement will be presumed to be correct, until the contrary is shown by the party alleging it.

" 'Receipted accounts embraced in such a settlement, will be admissible in evidence, subject to the right of the opposite party to show that they were erroneously allowed.'

"To the same effect is Oglesby v. Renwick & Company, 26 La.Ann. 668, where it was held:

" 'The judge a quo erred in not permitting it to be proved that an account which had been settled by a note was incorrect'.

"In Flower v. Millaudon, 19 La. 185, it was held:

" 'Even where a promissory note is given for a balance of account, in an action between the original parties, the debtor may go into the consideration and contest the account, but the burden of proof is on him, to show affirmatively errors or omissions.'

"On rehearing in the same case, reported 19 La. page 195, the court said:

" 'The acceptance of accounts by the party to whom rendered, is prima facie evidence of their correctness, and it is for him to show errors. The burden of proof is on him.'

"In Zacharie v. Blandin, 6 La. 193, the court said:

" 'The signing of an account by one of the parties acknowledging its correctness, is not conclusive against a correction of gross errors in fact or mistakes, as to the legal rights of the parties.'

"See, also, Taylor, Hadden & Company v. Simon, 14 La.Ann. 351; Wright, Williams & Company v. E. Hill & Company, 13 La.Ann. 233; Pavie v. Noyrel, 5 Mart., N.S., 92.

"In Keane v. Branden, 12 La.Ann. 20, the Court held:

" 'An acquiescence in an account containing illegal charges, will not estop the debtor from pleading their illegality—the only effect of such acknowledgment is to dispense the creditor from any affirmative proof.'

"It is, therefore, clear to my mind that the court has the right to correct errors in the account irrespective of the fact that Handley acknowledged the account stated on June 29th., 1936.

"It is my opinion that any error underlying the account of June 29th., 1936, may be corrected not only as to Handley but also as to Barretta. See Green v. Glasscock, 9 Rob. 119; Pavie v. Noyrel, 5 Mart., N.S., 92."

We believe, therefore, that the statement of June 29th should be accepted as showing the correct amount which was due with the exception that there should be eliminated therefrom or added thereto such other items as are shown to have been either erroneously included or, by oversight, omitted. Only a few items, as a matter of fact, are actually in dispute. Barretta, in making up his account, shows, as of June 18th, two charges against Handley—one in the sum of $65.29 representing cash and groceries and another in identically the same amount supposedly representing cash. The Commissioner found that this was a duplication and, while there was no actual evidence thereof, he stated that "the coincidence of the same odd amount charged on the same day convinces me that there is a duplication".

In this we think he was correct. It is very obvious that the accounts were most carelessly kept and, since Barretta has no independent recollection whatever of the two items, we think it obvious that, through error on his part, he made two charges, whereas he should have made but one. Surely he would have had independent recollection had he made, on one day, two advances so large as $65.29, particularly if they were for exactly the same amount.

■ The records which Barretta offers also include a charge of $30.56 for groceries for the Month of May "in full". This charge was made on May 21st and there is another charge dated May 11th for $16.-66, representing items charged on that day. We agree with the commissioner that here, again, there is a duplication to the extent of $16.66.

■ The third item charged against Handley is $100 as of June 26, 1936, which is said to represent an attorney's fee paid to an attorney who represented Handley

in a criminal matter. The attorney testified that he had charged and received only $75 from Barretta. We agree with the Commissioner that, to the extent of $25, Handley has been overcharged.

The Commissioner has properly disallowed these three items totaling $106.95. Deducting this amount, $106.95, from $505.53, leaves a balance of $398.58. Since June 29th, the day on which the acknowledgment was executed, Barretta shows that he has advanced two additional amounts—one of $24 representing cash advanced on June 30th, and another of $25, an amount paid by him for towing Handley's automobile from Luling to New Orleans. Concerning neither of these items is there dispute. For both, therefore, Barretta is entitled to credit. If we add these two items, totaling $49, to $398.58, we find that Barretta is shown to be entitled to $447.58. The balance remaining from the $600 is $152.42, as the commissioner has found.

Of this amount Barretta has deposited in court $15.47.

■ Barretta claims an additional amount of $30 which he says he advanced to Handley on June 17th and which he states he overlooked in making up the account which was settled on June 29th. But, inasmuch as this amount was advanced prior to that settlement, the burden was on Barretta to establish, by a clear preponderance of the evidence, that there was error in the account to that extent, and we think that he has not satisfactorily established that fact.

■ The judgment allowed interest on the balance from date of judicial demand. We find no error in the judgment.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed.

Affirmed.