## MARTIN CRANE v. WILLIAM BEATTY.

The Act of the 20th of March, 1856, entitled "An Act relative to the rate of interest" had in view the sale of notes and other written obligations, their discount or sale for the purpose of raising money, and nothing more. The words interest or discount, in the sense in which they are taken in the Act, are synonimous, meaning the per centage deducted on the sum expressed in the note or bond, &c. The provisions of the Act cannot be so extended as to authorize and legalize all transactions between debtors and creditors wherein usurious interest is added to the sum really due, as a consideration for an extension of time, or for the indulgence of the creditor.

The penalty attached by the Act of 1855 to the charging of usurious interest, is a forfeiture of the entire interest contracted for.

APPEAL from the Sixth District Court of New Orleans, Howell, J.

Michel & Koontz, for plaintiff.   E. Hiestand, for defendant and appellant.

DUFFEL, J.  The defence set up in this case is usurious interest.  It appears from the evidence, that the origin of this claim was a note of $795, dated 18th June, 1857.  This note was renewed on the 14th of December, 1857, by another note of $900, which was, on the 16th of April, 1858, renewed for $1,062 ; and the two notes sued on, and forming in the aggregate the sum of $1,062, were, on the 19th of October, 1858, given in lieu of the last one, and were made payable at four and six months.  The above notes were all drawn by the defendant to the order of the plaintiff.  By calculating interest at eight per cent. from the 18th of June, 1857, and adding the interest to the principal, at each renewal, it will be seen that at least $127 of usurious interest were charged.  But the plaintiff contends that the plea of usury cannot prevail, because the notes do not bear on their face any interest, and we are referred to the Act approved March 20th, 1856, p. 130, entitled "An Act relative to the rate of interest."  The Act says :

"That the owner or discounter of any note, or bond, or obligation, or other written evidence of debt, for the payment of money, payable to order or bearer, or by assignment, shall have the right to claim and recover the full amount of such note, bond or obligation, or other written evidence of debt, and all interest not beyond eight per cent. per annum that may accrue thereon, notwithstanding that the rate of interest or discount at which the same may be or may have been discounted has been beyond the rate of eight per cent. per annum interest or discount, any law to the contrary notwithstanding, &c."

After mature consideration, the majority of this court came to the conclusion, that the above Act of the Legislature does not affect, in the case at bar, the Act approved March 15th, 1855, p. 352, entitled "An Act to regulate the rates of interest," which latter Act must control the decision of the present action.  The Act of March, 20th, 1856, had in view the sale of notes and other written obligations, their discount or sale, for the purpose of raising money, and nothing more.  The words interest or discount are, in the sense in which they are taken in the Act, synonimous, meaning the per centage deducted on the sum expressed in the note, bond, &c.  The provision of the Act cannot be extended so as to authorize and legalize all transactions between debtors and creditors, wherein usurious interest is added to the sum really due, as a consideration for an extension of time, or for the indulgence of the creditor ; and such appears to be the character of the obligations which are sought to be enforced in this case.  The

42

notes sued on were never discounted by the payee, but were taken in renewal of other notes, with the addition of usurious interest therein.

The penalty of the Act of 1855 is a forfeiture of the entire interest contracted for.

It is, therefore, ordered, that the judgment of the District Court, which allowed the whole claim, be avoided and reversed; and it is now ordered, adjudged and decreed, that the plaintiff have judgment against the defendant, for the sum of seven hundred and ninety-five dollars, with legal interest from judicial demand, and the costs of the lower court, the plaintiff paying the costs of the appeal.

LAND, J., absent.