## THEOPHILUS FREEMAN v. HIS CREDITORS.

Where a party obtains judgment against his debtor previous to his surrender, and has the same recorded after his debtor has obtained a stay of proceedings, such registry of the judgment does not give him a mortgage. His rights, in that respect, are fixed by the surrender, although his judgment has not been carried on the bilan.

Where such a creditor has not been a party to the proceedings by which property seized and sold was subjected to the payment of the claims of other creditors, he cannot claim to be paid by preference out of the funds or proceeds so realized.

APPEAL from the Fifth District Court of New Orleans, Eggleston, J. Clarke & Bayne, for appellant. Mott & Fraser, for appellees.

VOORHIES, J. John Valentine, in his capacity of executor of the estate of Whiting Valentine, deceased, filed a third opposition, claiming to be paid by preference out of funds in the Sheriff's hands, realized at the suit of other creditors of the insolvent, Theophilus Freeman.

Valentine obtained his judgment against Freeman previously to the latter's surrender, and had the same recorded some time after his debtor had obtained a stay of proceedings. It appears that subsequently, on an ex parte proceeding, in the absence of Valentine, this inscription was erased.

The rights of the seizing creditors, George W. Dunbar, administrator, and the Bank of Kentucky, arise under a different state of facts. They had their judgment recorded subsequently in date to the registry of Valentine's; but they seized property in the name of third persons, who enjoined the proceedings. These creditors thereupon asked the revocation of their adversaries' titles, on the alleged ground of fraud and simulation, and carried a successful litigation in both the District and Supreme Courts. The Sheriff sold the property in question, and the proceeds of this sale form the object of the present controversy.

With regard to Valentine, it may be stated at once that the registry of his judgment after the stay of proceedings in the insolvent estate of the common debtor, does not give him a mortgage. His rights, in that respect, were fixed by the surrender, although his judgment had not been carried on the bilan. Furthermore, as he was not a party to the proceedings, by which the property seized and sold was subjected to the payment of the claims of the Bank of Kentucky and of G. W. Dunbar, administrator, he cannot now claim to be paid by preference out of the funds or proceeds so realized. C. C. Art. 1792; Decuir v. Veazey et als., 8 An. 453.

Judgment affirmed.

LAND, J., absent.