No. 4742.

JAMES McCRACKEN, Administrator, *v.* JAMES MADISON WELLS.

This being an injunction case originating in a suit on a promissory note, is not such as entitled parties to a trial by jury, as it does not come under the exceptions contained in the 494th article of the Code of Practice.

More than a year having elapsed from the last payment of interest to the institution of this suit, the usurious payments which were expressly imputed by the parties to the interest can not now be recovered back, nor imputed to the capital.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. C. E. Schmidt*, for plaintiff and appellee; *W. B. Hyman, Belden & Foley*, for defendant and appellant.

MORGAN, J. Plaintiff obtained executory process upon a note which he holds as the administrator of Wm. McCracken's estate for $5000, and caused the property mortgaged to secure the same to be seized. There is a credit on the note for $500. The balance claimed to be due in principal and interest is $4635 55 with interest at eight per cent. since the twenty-sixth April, 1872.

Defendant, proceeding by opposition, obtained an injunction without bond staying the execution of the suit on the grounds—

*First*—That the order of seizure and sale had issued for a greater sum than was due by him, inasmuch as he had paid $2900 on account of plaintiff's claim, of which only $500 were credited to him.

*Second*—That the pretended copy of mortgage offered in evidence by plaintiff is, on its face, an untrue and incorrect copy of the original mortgage.

*Third*—That plaintiff asked and obtained an order to sell defendant's property to pay costs to which he had no pretense of right. That the face of the papers show that time was given him to pay the claim sued on.

Plaintiff then took a rule on defendant to show cause on Tuesday, the eighteenth March, why the opposition should not be set aside on the grounds that the allegations contained therein were not true, and also why he should not pay $500 damages for the wrongful obtaining of the injunction. On the eighteenth, defendant excepted to the proceeding by rule, because, first, the motion and rule are but an answer, and because it.is contrary both to the rules of court and the provisions of law to try the case without fixing it for trial.

*Second*—Because if the case is to be tried summarily, it should have been fixed for trial on Monday instead of Tuesday, conformably to special rules of the court for the trial of summary cases.

*Third*—Because plaintiff by claiming damages, and by requiring defendant to show cause why rent shall not be seized does not confine himself to the questions to be tried summarily but asks for judgment on claims which are to be tried in an ordinary manner, and which entitles him to have the issue tried by a jury. Should these exceptions be overruled, then he asks for a continuance on account of the absence of a witness.

On the same day, but by a separate pleading, he asked leave to amend his defense by asking for a trial by jury, which was refused, to which refusal he took his bill of exceptions. The exceptions were overruled and the rule was thereupon continued to Monday the thirty-first March, on which day, on the affidavit of defendant's counsel, it was continued to Sunday, fifteenth April. It was then continued to the eighteenth. On the eighteenth, defendant reserved.his bill to the ruling of the court ordering him to trial. The case was proceeded with and judgment was rendered in favor of the plaintiff for the amount claimed to be due on the note, and dismissing his claim for damages.

From this judgment defendant asked for a suspensive appeal, which was granted upon his furnishing bond in the sum of $8500.

The alleged error in the copy of the act of mortgage is that the notary, after stating that the United States internal revenue tax is paid, added "canceled stamps for five dollars being annexed to the original act on file in my office," instead of saying "said stamps being hereto annexed." There is certainly nothing in this objection.

The cost which he claims he is illegally called upon to pay is one dollar claimed for the certificate of the inscription of the mortgage. This objection is covered by the case of Weems *v.* Ventriss, 14 An. 267.

The answer to his complaint that he was not allowed a trial by jury is, first, that the original suit was on a promissory note, and second, that it was an injunction, and that he was not entitled to a jury, not coming under the exceptions contained in the 494th article of the Code of Practice.

McCracken, Administrator, v. Wells.

The case was a summary one, and as such was entitled to a speedy trial. The rule to set aside the injunction was first fixed on Tuesday and then on Monday and afterward continued from time to time, the last time at the special instance of the appellant. This was a sufficient notice and sufficient compliance with the law.

The allegation that from the face of the papers it appears that time was given to pay the claim, is incorrect. The indorsements on the note show that it was renewed for one year from the twenty-sixth December, 1868, and again to twenty-fourth December, 1870, and again to twenty-fourth December, 1871. His letters from Alexandria of March 27, April 3, June 12, and September, 1872, acknowledge that the debt was due at their respective dates, and contain promises to settle it.

It does not appear that a greater rate of interest was contracted for than eight per cent. The note bears interest at that rate after maturity. The indorsements thereon as to the interest merely relate that the interest has been paid in advance up to the period to which payment was extended.

Neither is there any evidence in the record that he has ever paid on the principal of the note more than $500, for which he has been given credit. The $2900 which he claims to have paid, consist, outside of the $500, of twenty per cent. original discount and twelve per cent. interest, all of which he says is usurious, and which he has a right to have credited on the amount remaining due. He is mistaken. More than a year elapsed from the last payment of interest to the institution of this suit.

"The usurious payments having been expressly imputed by the parties to the interest, can not now be recovered back, nor imputed to the capital, the plea of prescription having been filed." Johnson v. Phillips, 24 An. 156.

"The owner or discounter of any note or bond, or other written evidence of debt for the payment of money, payable to order or bearer by assignment, shall have the right to claim and recover the full amount of such note, bond or other written evidence of debt, and all interest not beyond eight per cent. per annum that may accrue thereon, notwithstanding that the rate of interest or discount at which the same may be or may have been discounted has been beyond the rate of eight per cent. per annum interest or discount." C. C. 2924.

Plaintiff asks for damages. Under the circumstances of this case, we do not think the damages should be allowed.

Judgment affirmed.

Rehearing refused.