PROVOSTY, J., recused.

═══════

(44 South. 317.)

No. 16,560.

HUNTINGTON v. WESTERFIELD.

In re HUNTINGTON.

(May 27, 1907. Rehearings Denied June 28, 1907.)

1. APPEAL—REVIEW—LAW OF CASE.

Where, in remanding a case to the district court, the Court of Appeal determines certain issues, by a judgment which becomes final, this court will not, in reviewing a judgment rendered by the same court, upon a subsequent appeal in the same case, review the issues thus finally decided.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4365.]

2. USURY—RECOVERY BY BORROWER.

Where, in a series of transactions, beginning with loans of money and the giving of notes, and continued by the giving of new notes in place of those outstanding, as the latter mature, the borrower pays, in cash, in advance, usurious interest on the notes so given, so that the interest so paid, or charged, is not included in the notes, the transaction does not fall within those provisions of Civ. Code, art. 2924, under which the original holder of a note may recover the full amount called for thereby, notwithstanding that there may be included therein a greater amount of interest or discount than 8 per cent. per annum, and the borrower may recover so much of the usurious interest as may have been paid within 12 months prior to his making judicial demand therefor, either by direct action, or by way of defense when sued on the notes.

3. SAME.

Under the jurisprudence of this state, the maxim, "quæ temporalia sunt ad agendum, perpetua sunt ad excepiendum," does not enable a defendant to obtain credit on account of usurious interest paid by him more than 12 months prior to his judicial demand therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Usury, § 237.]

Breaux, C. J., and Provosty, J., dissenting.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by Henry L. Huntington against J. W. Westerfield. Judgment for plaintiff was reversed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Judgment of Court of Appeal reversed, and judgment of district court affirmed.

Francis Rivers Richardson, for applicant. William Weeks Westerfield, for respondent.

MONROE, J. Plaintiff brings this suit on four notes for the aggregate amount of $285, dated February 20, 1904, and made payable 60 days after date, with interest at the rate of 8 per cent. per annum, from maturity until paid, upon which he alleges that defendant is surety; the history of the notes being as follows: On February 9, 1899, Thorp Westerfield borrowed from plaintiff $110, for which he gave his two notes, of $55 each, bearing defendant's name, as surety, and maturing in 60 days, and on May 15 and May

18, 1899, $75 and $100, respectively, were borrowed, by the same party, for which, similarly indorsed, 60-day notes were given; the total amount borrowed being that now sued for. When the notes thus given matured, the maker issued new notes, for like amounts, upon which he paid interest, in advance, and in cash, and the new notes were substituted for the old, with the same surety, and so the business continued, the maturities of the notes given varying, now and then, until finally, the notes sued on, all dated February 20, 1904, maturing in 60 days, and representing the aggregate amount originally borrowed, were executed and delivered. The interest paid, as above stated, on the different notes of the series, in cash, was calculated at the rates of from 5 per cent. to 3 per cent. per month, and the total amount which has been paid in that way is found by the Court of Appeal to have been $650. The defense, in substance, is that the payments of usurious interest must be attributed to the principal of the debt, and, that being done, that the debt has been extinguished. On the original trial, in the district court, plaintiff objected to the evidence offered on behalf of defendant, on the grounds: (1) That the holder of a note is entitled to recover the whole amount expressed upon its face, without regard to anterior transactions, and whether usurious interest be included or not; (2) that the plea of usury can be set up only in a suit by the payer of the usury against him to whom the payment has been made; (3) that evidence is inadmissible to show payment of usurious interest, after the lapse of 12 months. And the objections having been sustained, there was judgment for plaintiff, as claimed. The rulings and judgment so made and rendered were, however, reversed by the Court of Appeal, and the case was remanded, to be tried, de novo, with the instruction that the rejected evidence be admitted, "without prejudice to its being limit-

ed, or restricted, according as a proper ruling on the plea of prescription may [might] warrant, about which" the court reserved its opinion. Plaintiff applied to this court to review the judgment thus rendered by the Court of Appeal, and, the application having been denied, the case was again tried in the district court agreeably to the views expressed in said judgment, with the result that defendant was allowed credit for the usurious interest which had been paid on the notes within the year; his claim on that account being otherwise held to be prescribed. And the case was again taken to the Court of Appeal, where it was held that, whilst the plea of prescription might avail the plaintiff if he were sued for a repetition of the usurious interest paid, it could not be so applied as to prevent the plea of usury from being used as a defense. In other words, the court applied the maxim, "Quæ temporalia sunt ad agendum, perpetua sunt ad excipiendum," and rejected plaintiff's entire demand; and it is of this judgment that plaintiff now complains.

We are of opinion that the judgment of the Court of Appeal, upon the first hearing, considered in connection with the refusal of this court to review that judgment, must be regarded, quoad this case, as conclusive of the right of the defendant, sued as surety, to set up the plea of usury, and so to connect the evidences of debt sued on with the original obligation as to make the plea applicable to the whole, and we regard the case brought up for review in the light in which it was considered by the Court of Appeal, viz., as presenting the questions: "Has the usurious character of the transaction been established, and, if so, to what extent, and, as a matter of law, can the plea of prescription operate to defeat the defense? We agree with our learned Brethren of the Court of Appeal in the following finding of facts, to wit:                     .     .     .

"The taint of usury runs throughout the entire transaction, and * * * the holder of the notes, the plaintiff, has received on them, or rather, on the original loan which these notes evidence, more than double the amount called for on the face of the notes. The original loans, in the amounts and about the several dates stated in the answer, * * * and aggregating $285, were evidenced by four notes, of identical amounts and maturities, as are the notes sued on. They were discounted by plaintiff at the rate of 5 per cent. per month. Every 60 days, when the notes would mature, they would be exchanged for new notes, for like amounts, and at the same maturities, and, again, the maker was charged, and would pay a discount of 5 per cent. per month on each note. These notes were charged and paid for several years, when, finally, the rate on one of the loans was reduced to 4 per cent. per month, and on another to 3 per cent. per month. The interest, or discount, thus charged, was never capitalized, or included in the note, but was paid in cash, so that the notes sued on, as well as the hundred of intervening notes, are of the same denominations as the original notes given to evidence the original loans."

The basis of plaintiff's plea of prescription, as the Court of Appeal says, is the following provision of Civ. Code, art. 2924:

"Except in the cases herein provided, if any person shall pay on any contract a higher rate of interest than the above [8 per cent. per annum], as discount, or otherwise, the same may be sued for and recovered within twelve months from the time of such payment."

Then follow the exceptions to the rule thus announced, to wit:

"The owner or discounter of any note, or bond, or other written evidence of debt for the payment of money, payable to order, or bearer, or by assignment, shall have the right to claim and recover the full amount of such note, bond, or other written evidence of debt, and all interest, not beyond eight per cent. per annum, that may accrue thereon, notwithstanding that the rate of interest, or discount, at which the same may be, or may have been, discounted, has been beyond the rate of eight per cent. per annum, interest, or discount; but this provision shall not apply to the banking institutions of this state, in operation under existing laws.

"The owner of any promissory note, bond, or other written evidence of debt for the payment of money, to order, or bearer, or transferable by assignment, shall have the right to collect the whole amount of such promissory note, bond, or other written evidence of debt for the payment of money, notwithstanding such promissory note, bond, or other evidence of debt for the payment of money, may include a greater rate of interest, or discount, than eight per cent per annum; provided, such obligation shall not bear more than eight per cent. per annum after maturity until paid."

The first of the paragraphs quoted is found in Act No. 161, p. 130, of 1856; the second in Act No. 62, p. 41, of 1860. Both were incorporated in article 2924 of the Revised Civil Code of 1870, with the preface, beginning, "Except in the cases," etc., as quoted above. The act of 1856 had been construed to apply only to original obligations given for the purpose of raising money, and had been held inapplicable to notes given in renewal of others, with usurious interest included in them. Crane v. Beatty, 15 La. Ann. 329; Weaver v. Maillot, 15 La. Ann. 397; Campbell & Strong v. Hilliard, 15 La. Ann. 537. The meaning of the two laws, as combined, is that, whether the usurious interest, or discount, be charged in an original transaction, in which money is advanced by one person and received by another, or in subsequent transactions, extending the time of payment of the original debt, it cannot be recovered, if it be included in the note, or other written obligation, given as evidence of the debt. The cases thus provided for are, however, exceptions to the rule that, if any person shall pay, on any contract, a higher rate of interest than 8 per cent. per annum, he may sue for and recover the same, within 12 months from the time of such payment, and the case presented by plaintiff is not within the exceptions, since the usurious interest charged by him was, and is, not included in the written instrument evidencing the debt, but was paid to him in cash. As to defendant's right to recover, by the application of the maxim "Quæ temporalia," etc., the usurious interest, the right to recover which, by direct action, is prescribed, the views of our learned Brethren of the Court of Appeal are presented with great force and clearness and find considerable support in adjudged cases; more particularly, however, in cases decided by courts of other

jurisdictions. In the jurisprudence of this court, there are, no doubt, cases in which the rule in question has been applied, and which, it may justly be said, are analogous to the case at bar; but the precise proposition for which the defendant here contends does not seem to have been sustained by this court. To the contrary, it has been so often held that the defense of usury will not be sustained, save as to interest paid within the year, that we are inclined to consider the doctrine established as a rule of property which the courts have no right to disturb. Our learned Brethren cite the case of Wright & Co. v. Hill & Co., 13 La. Ann. 233, as holding that, "when usurious interest is pleaded as an exception to an action, although the direct action to recover it is prescribed, the maxim 'quæ temporalia,' etc., would come in aid of the defense"; but they have fallen into an error as to the issue to which the maxim in question was there applied. The syllabus of the case reads:

"When the defense to an action for a balance of account was that there were usurious charges in previous accounts which resulted in the balance sued for, *held* that, if such previous accounts were tainted with fraud or usury, their reception, without objection, by the party to whom they were rendered, would not be a valid objection to the defense, *if it was set up within the time limited to recover back usurious interest.*" (Italics by present writer.)

And from the text of the opinion it appears that the organ of the court, Mr. Justice Buchanan, said that the maxim, "quæ temporalia," etc., would come to the aid of the defense as against the assertion that the defendant was concluded by the reception, without objection, of the accounts sued on. The same learned justice was the organ of the court in the case of Weaver v. Maillot, 15 La. Ann. 395, in which it was said:

"The present case is very similar to that of Crane v. Beatty (lately decided) 15 La. Ann. 329, in which case we gave a construction of the statute of March 20, 1856 (Laws 1856, p. 130, No. 161), relative to the rate of interest. The only point of difference in this case is that the limitation of one year, enacted in Acts 1855,

p. 352, No. 291, for the repetition of usurious interest paid, is a bar to the recovery of all but $240 of that paid in the present instance."

It also appears from the opinion that the defense in the case then before the court was that the defendant had paid, upon the draft sued on and upon the renewals thereof, an amount equal to that called for by the face of the instrument, which payments he asked the court to impute to the capital of the loan, a prayer very similar to that of the defendant in the case at bar.

In the case of Walker v. Villavaso, 18 La. Ann. 712, it appeared that the time for the payment of the notes sued on had been extended as the result of an agreement dehors that represented by the notes and on payment of 12 per cent. interest, in advance, and the court, upon the first hearing, held that plaintiff was entitled to recover the interest so paid, and said:

"No plea of prescription is filed. Indeed, were such a plea made by defendant, we are not sure that it would avail him, because, as plaintiff, setting up this claim in defense, the maxim of the law, 'quæ temporalia sunt ad agendum, perpetua sunt ad excepiendum,' would sustain him."

A rehearing was, however, granted, and it was finally held that the contracts, represented by the note, and those by which the notes were subsequently extended, were distinct, and that, a year having elapsed since the payment of the usurious interest, under the contract by which the notes were extended, the right of recovery was prescribed.

Duncan v. Helm, 22 La. Ann. 418, was a suit on notes and a defense of prescription and usury:

"Held (quoting from syllabus) payments made on obligations must be applied to that which is lawfully due, and not to usurious interest; and, where an overpayment of the debt due has been made, excluding the unlawful interest, it may be reclaimed by the debtor, if demanded within one year."

In Johnson v. Philips, 24 La. Ann. 156, an order of seizure and sale was enjoined on the ground that the note proceeded on had

been extinguished by payments of usurious interest. Held that:

"The usurious payments having been expressly imputed, by the parties, to the interest, cannot now be recovered back nor imputed to the capital; the plea of prescription having been filed."

In McCracken v. Wells, 26 La. Ann. 31, executory process on a note having been stayed by injunction, it was held that:

"More than a year having elapsed from the last payment of interest to the institution of the suit, the usurious payments, which were expressly imputed by the parties to the interest, cannot now be recovered back nor imputed to the capital."

In Succession of Ostrander, 26 La. Ann. 450, the prescription of one year was pleaded in bar to the opposition made to the administrator's tableau, on the ground of usurious interest being charged on certain notes placed on said tableau. Held:

"That plea should have been sustained."

In Mullin & McGown v. Hart, 31 La. Ann. 677, it appeared that plaintiffs were third possessors of property, as part of the purchase price of which they had assumed the payment of a mortgage note, which had been extended on their paying interest at 12 per cent. The holder of the note finally foreclosed, and plaintiffs enjoined, claiming that the payments made by them, in excess of lawful interest, should be imputed to the principal of the debt. Held, that there were distinct contracts, and that the usury, if shown, resulted from a contract other than that sued on, and not a necessary part of it. And the court proceeded as follows:

"Even, however, were this not the case, it is obvious that the demand of plaintiffs in injunction, when analyzed, reduces itself to an action for the recovery of usurious interest paid. * * * Under this condition of things, the pleaded prescription [of one year] is applicable."

In Chadwick v. Menard, 104 La. 38, 28 South. 933, a state of facts was presented very similar to that of the instant case, and the court, upon the original hearing, aft-

er citing authority to the effect that money paid by way of usurious interest cannot be recovered or imputed to the capital after the lapse of 12 months, dismissed defendant's application for review, and allowed the judgment which had been rendered by the Court of Appeal to remain undisturbed. On rehearing, however, it was shown that $22.60 of usurious interest had been paid within the year, and it was held that defendant was entitled to be credited with that amount.

Our conclusion, then, is that the last judgment of the district court, whereby defendant is credited with the usurious interest paid upon the debt sued on within 12 months prior to the institution of the suit, is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal herein made the subject of review be annulled, avoided, and reversed, and that the judgment herein rendered by the district court be affirmed and made the final judgment in the case; the defendant to pay the costs of the appeal and of this application.

The CHIEF JUSTICE adheres to the views originally expressed (not on rehearing) in the case of Chadwick v. Menard Bros., 104 La. 38, 28 South. 933. Entertaining the views expressed by Chief Justice BREAUX in the case of Chadwick v. Menard Bros., 104 La. 38, 28 South. 933, Mr. Justice PROVOSTY also dissents.