90 So.2d 55

**CHARLES TOLMAS, Inc.**

**v.**

**Max BRESSLER.**

No. 42458.

June 29, 1956.

Rehearing Denied Sept. 28, 1956.

Simon & Wicker, New Orleans, for appellant.

Tolmas & Tolmas and A. P. Schiro, III, New Orleans, for appellee.

FOURNET, Chief Justice.

Charles Tolmas, Inc., alleging that it and the defendant, Max Bressler, are co-owners in indivision of sixteen lots of ground in the City of New Orleans (ten situated in Square 292, four in Square 216, and two in Square 174), the defendant having acquired same by purchase from Beulah Levy and Marquita Levy on October 16, 1937, by deed passed before Sydney J. Parlongue, Notary Public, for a recited consideration of $1,500, and the plaintiff having acquired an undivided half interest therein by a counter letter of the same date, executed by the defendant, duly recorded in the Conveyance Records of Orleans Parish, and being unwilling to remain any longer as owner in indivision, sought a partition of the property in kind, or, if found to be not divisible in kind, then by licitation.

By way of answer the defendant denied that the plaintiff had any interest or ownership whatsoever in the property or that it was entitled to a partition, averring that the counter letter had been given without any

consideration and was therefore null. By supplemental answer, and in the alternative, he sought as plaintiff in reconvention to recover half the amount he had paid as taxes on the property since its acquisition by him, said to aggregate $2,700.69, with interest on the various amounts from the time of their payment. He also sought to propound interrogatories, to be answered categorically by the plaintiff under oath, stating what consideration was paid for the half interest it claimed, as well as the details as to date, manner and amount of any consideration so paid. Plaintiff thereupon filed a motion seeking to be relieved from answering the interrogatories, pleading (a) estoppel to the right of defendant to assail the validity of his own voluntarily executed counter letter in the absence of allegations of fraud, error or mistake, and (b) prescription of ten years to the right of defendant to attempt to prove a lack of consideration for issuance of the counter letter.

By judgment of Court the plaintiff was relieved from answering the interrogatories until a final ruling on the plea of prescription, reserving to defendant the right to renew same if said plea was overruled; the special pleas were referred to the merits,

and following trial of the case, wherein, over plaintiff's timely objection and with full reservation of its rights, the defendant was allowed to attempt to prove that no consideration was paid, judgment was rendered recognizing the plaintiff and defendant to be owners in indivision of the property in the proportion of one-half each, and ordering a partition by licitation, on the recommendation of the experts appointed by the Court, whose finding it was that the property was not susceptible of division in kind.[1] There was also judgment in favor of defendant, as plaintiff in reconvention, for stated sums, representing one half of the amounts due on the said property for taxes, penalties and interest and paid by defendant for the year 1938 and following years, with interest on each amount from the date it was paid, aggregating $916.18, but rejecting his further demands; and the parties were referred to Chester J. Ford, Notary Public, Parish of Orleans, for the purpose of completing the partition.

Following the Court's decision the defendant asked for a new trial, based, among other things, on newly discovered evidence. After denying the motion, the trial judge assigned written reasons for his judgment, his conclusion on the merits being that there

1. This is because the lots have a frontage of only 25 feet each, and building restrictions require building sites of 50 feet each; as pointed out by the trial judge, "there would be in two instances lots having a frontage of only 25 feet and which could not be used as building sites, thus diminishing the value of the property to both parties."

was no lack of consideration. He specifically pointed out that his decision was based on questions of fact and not on the questions of law raised by the pleas of estoppel and prescription.

On appeal here, defendant is contending that the trial judge was in error in his conclusion that he failed to prove lack of consideration for issuance of the counter letter, and in failing to grant a new trial based on newly discovered evidence. He argues that even if he is barred by the prescription of ten years from bringing a direct action to rescind the counter letter for lack of consideration, he is still permitted to urge such a defense under the maxim "Quae temporalia sunt ad agendum, perpetua sunt ad excipiendum,"[2] recognized in Article 20 of the LSA–C.C. and applied in the jurisprudence of this Court; that he is not estopped to show lack of consideration for the counter letter since it was executed under private signature, was not acknowledged; and in view of the fact that no consideration is recited therein, parol evidence proving the lack of consideration does not change or vary the terms of the written instrument and is admissible; but if this Court should hold that parol evidence is inadmissible, then we should remand the case to require plaintiff to answer the written interrogatories on facts and articles.

The finding of fact by the trial judge, in which he is supported by the record is that Charles Tolmas, as president of plaintiff Charles Tolmas, Inc., a real estate agency, entered into a written agreement with the then owners of the property involved, Misses Beulah Levy and Marquita Levy, to purchase the lots for a consideration of $400 cash, the purchaser to assume all City and State taxes from 1932 to date of agreement and other charges—these being estimated at $1,100. Tolmas testified that at a meeting with the defendant Bressler, who is his brother-in-law, Bressler asked Tolmas to take him into partnership on some of his investments, and Tolmas agreed to take Bressler in on this transaction if Bressler would put up the money. By agreement, the deed, dated October 16, 1937, conveyed the property to defendant, and a counter letter was drawn up and signed by defendant bearing the same date as the date of the sale, but later changed by defendant to read October 18, which, following the recital that Bressler had purchased the therein-described property, contained the declaration: "Now the fact of the matter is that Charles Tolmas, Inc., a

2. A maxim, according to Peloubet Legal Maxims, meaning "Things which afford a ground of action, if raised within a certain time, may be pleaded at any time, by way of exception." See 51 C.J. 111, n. 85, citing Huntington v. Westerfield, 119 La. 615, 618, 44 So. 317; Parkerson's Succession, 141 La. 511, 522, 75 So. 225; and Pere v. Dalgarn, 3 La.App. 775, 778.

Louisiana corporation domiciled and doing business in the City of New Orleans, State of Louisiana, is the owner of a one half undivided interest in and to the above described property, and I do, by these presents, acknowledge said ownership and agree, when called upon to do so by Charles Tolmas, Inc., or its assigns, to transfer by appropriate title an undivided one half interest in and to the above described property. Further agreeing that the registry of this document in the Conveyance Office of this Parish shall act as a transfer of the hereinabove described property to Charles Tolmas, Inc., or his assigns from this date." The document was duly registered in the Conveyance Office of the Parish of Orleans on October 20, 1937.

Tolmas testified that defendant actually signed the counter letter in the attorney's office at the time of the sale but refused to give it to him until he, Tolmas, paid defendant the sum of $750 (that being half of the total consideration of $1,500 recited in the act of sale), and that he, Tolmas, borrowed the money and paid it to Bressler in cash, whereupon the latter changed the date, initialed the change, and gave the counter letter to Tolmas. The defendant, on the other hand, denies that Tolmas ever gave him any money; he testified that he signed the above mentioned counter letter without reading it, thinking it was simply a redraft of a counter letter which his own attorney

had prepared for the signature of Tolmas but which Tolmas refused to sign, saying he would have it redrawn in identical language of his own attorney. There was also introduced in evidence a mortgage note affecting the property in amount of $456, executed by defendant at the time of the sale in favor of Miss Vivian Mayer, defendant's secretary for some 25 years, which note was endorsed by plaintiff Charles Tolmas, Inc. Of the amount, $400 was paid to the vendors (Misses Levy) and the remainder, $56, was used to defray the costs of the sale. The defendant and Miss Mayer both testified that it was the defendant who repaid the amount, in small sums over a period of three years; Tolmas claims that his liability on the mortgage note was discharged when he gave the defendant the $750 two days after the sale.

While proof on the subject of payment of consideration is not as convincing as might be desired, we are not prepared to say that the conclusion of the trial judge was manifestly erroneous. Moreover, the defendant-appellant has no cause for complaint; although the trial judge states that it was unnecessary to pass on the pleas of estoppel and prescription, in effect the evidence which would have been excluded under those pleas was admitted subject to objection, and the defendant was allowed wide

latitude in seeking to prove that no consideration passed in this transaction which took place some 17 years prior to this suit. Under these circumstances we do not think the so-called newly discovered evidence on which defendant based his motion for a new trial—i. e., the improbability of Charles Tolmas having borrowed from Lawrence L. Morris (now deceased) the $750 with which he said he paid defendant for the counter letter, and the greater improbability of his having repaid the said amount to Morris, to which matters Tolmas testified, in view of the fact that Morris himself was at the time in straitened circumstances, he already owed a judgment to the plaintiff in this cause, and there were several judgments of record against him which were only cleared by prescription in later years—would materially change the results.

The plaintiff-appellee, expressing full accord with the trial judge's conclusions on the facts, has answered the appeal, praying that the said judgment be amended to exclude therefrom the award to defendant on his reconventional demand of legal interest on plaintiff's share of taxes, penalties and interest paid by the defendant, on the ground that both Charles Tolmas and his son testified that throughout the years they made numerous attempts to have defendant amicably partition the property and indicated their willingness to pay him whatever might be due in the way of taxes. In view of our

remarks above, we are not disposed in this respect either to disturb the district court's judgment.

For the reasons assigned, the judgment is affirmed.

SIMON, J., and VIOSCA, Judge ad hoc, recused.