561 So.2d 783 (1990)
Gloria C. FAVALORO, Individually and as Executrix of the Succession of John L. Favaloro
v.
John T. FAVALORO, Jr.
No. 89-CA-1524.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1990.
Rehearing Denied June 19, 1990.
*784 Ralph L. Kaskell, Jr., Paul S. Hughes, Deutsch, Kerrigan & Stiles, New Orleans, for plaintiff-appellant.
Joseph V. Bologna, New Orleans, for defendant-appellee.
Before KLEES, BYRNES and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff, Gloria C. Favaloro, appeals the granting of a motion for summary judgment in favor of defendant, John T. Favaloro (John T.), by which he acquired full ownership of the property in which she claims a one-third interest pursuant to a counter-letter issued to and subsequently returned by her late husband, John L. Favaloro (John L.). We affirm.
Facts
John T. purchased the property in question, located at 4329 Veterans Memorial Highway, Metairie, Louisiana, on September 19, 1964 with the help of John L., John T.'s cousin and Gloria's husband, and an investor, Vincent F. Frazone. The property was placed in the name of John T. and his wife, Frieda. On November 30, 1964, John T. signed a counter-letter before two *785 witnesses and a notary, which acknowledged that John L. was the true owner of two-thirds of the property. On the same day, before the same notary and witnesses, John L. signed a counter-letter acknowledging that Frazone was the true owner of one-half of his two-thirds interest, i.e., Frazone owned one-third.
John L., John T., and Frazone each recognized one-third ownership in the property, as well as rental income and depreciation, on their respective tax returns. On May 8, 1978, Frazone conveyed his interest, by authentic act, to John T. for the stated consideration of $166,667.00.
John T. asserts that on December 31, 1978, John L. handed the original counter-letter to John T.'s wife, Frieda, in the presence of John L.'s wife, Gloria, the plaintiff in the instant case. John T. and his wife claim by affidavit that John L. indicated at the time he handed the counter-letter to Frieda that John T. would thereafter have full ownership of the property in return for his promise to pay John L. income from the property for the rest of John L.'s life. The defendant, John T., claims that John L.'s interest in the property was transferred back to him when John L. handed the counter-letter to Frieda.
The plaintiff does not contest the accuracy of the above-mentioned event; rather, she argues that John's L.'s action in handing the counter-letter to Frieda was not a valid transfer of John L.'s interest in the property because it was not reduced to writing as required by La.C.C. art. 1839.
Plaintiff filed two different motions for partial summary judgment in the instant case, both accompanied by statements of uncontested facts, as required by Orleans Parish Civil District Court Rule 9, § 1(a). In response to her first motion for partial summary judgment, defendant John T. filed affidavits from himself and his wife, setting out the facts as described above. The first motion was denied and the trial judge advised both parties to submit motions for summary judgment, which they did. On May 31, 1989, the trial court denied Mrs. Favaloro's second motion for partial summary judgment and granted John T.'s motion, despite the fact it was not accompanied by a statement of uncontested facts. In reasons for judgment issued June 12, 1989, the trial court stated that ownership of the subject property had remained with John T., the owner of record.
Mrs. Favaloro contests the trial court judgment, making two major arguments (1) genuine issues of material fact still remain, making the granting of a motion for summary judgment inappropriate and (2) the judge incorrectly found that no written transfer of title of John L.'s interest in the property was necessary. Mrs. Favaloro also contests the trial judge's tacit waiver of the requirement that statements of uncontested fact be filed with motions for summary judgment.
Analysis
The Code of Civil Procedure provides that a summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. art. 966(B). Therefore, motions for summary judgment may properly be granted only when "reasonable minds" must conclude that two circumstances are present: (1) there is no genuine issue of material fact and (2) the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). Mrs. Favaloro essentially argues that neither of these circumstances were present when the trial court granted the motion in the instant case.
Mrs. Favaloro's argument that genuine issues of material fact exist is premised on her contention that John T. contradicted the story he told in his deposition in the affidavit he filed in opposition to her motion for partial summary judgment. We have read both versions of the story and believe that they are consistent, despite the fact that some of the details differ. Essentially, there are only two material facts in the instant case. First, it is important that *786 John T. executed a counter-letter in favor of John L. Second, it is important that John L. later delivered that counter-letter back to John T. through his wife and indicated that all of the interest in the property would henceforth belong to John T. The parties agree on the existence of the first of those two material facts. More importantly, Mrs. Favaloro does not contest the truth of the second fact. Her statement of uncontested facts does not address how John T. came to be in possession of the counter-letter. Additionally, she failed to file any countervailing affidavits to contest the information in the affidavits of John T. and his wife; thus, those affidavits could be accepted as true by the trial court. The trial court noted in his reasons for judgment that the evidence accompanying the motions "support unequivocally that the transfer occurred." The trial court did not err in finding that no genuine issues of material fact precluding summary judgment remained.
The second circumstance that must be present before a motion for summary judgment is granted is a determination that the movant is entitled to judgment as a matter of law. In the instant case, that determination depends on the effect of the manual delivery of the subject counter-letter from John L. to John T.
Mrs. Favaloro argues that the trial court's reasons for judgment reveal that the judge was misled by John T.'s various arguments, noting that the trial judge referred to "third parties" and concluded that "the public records control." She claims that the interests of third parties are not involved in this suit and that the trial court judgment is therefore faulty.
Mrs. Favaloro is correct that the dispute in question does not involve third parties. However, in Louisiana, "[a]uthentic real estate titles which are valid on their face, properly recorded, and accompanied by delivery and continuous control as owner afford potent presumptions of ownership." Litvinoff, "The Action in Declaration of Simulation in Louisiana Law," Essays on the Civil Law of Obligations, 139. Since the subject property has at all times remained in the name of John T. and his wife, the title has always been recorded in their names, and John T. has exercised continuous control over the property, Mrs. Favaloro must overcome the presumption that John T. is the owner of the property. She argues that John T.'s admission that the counter-letter exists is sufficient to overcome the presumption. We disagree.
The use of a counter-letter to transfer the promise of ownership is a common practice in Louisiana, which creates rights between the transferror and the transferee. However, a person who receives a counter-letter purporting to convey an interest in immovable property receives only a personal right which may be asserted against the transferror, not an actual ownership right in the property. Essentially, the recipient of a counter-letter receives only the right to sue the transferror for ownership and an accounting. However, as with any other personal right, the rights represented by a counter-letter may be surrendered. When a counter-letter evidencing a promise of ownership is delivered to the original transferror in return for valid consideration, the transferee surrenders his right to interest in the property. No written document evidencing the surrender of the right is necessary.
In the case at hand, John L. (the plaintiff's deceased husband) manually delivered the counter-letter back to its maker, defendant John T. This transfer occurred in the presence of the plaintiff and was accompanied by valid consideration, John T.'s promise that he would provide John L. with income from the property for the remainder of John L.'s life. The record establishes that John T. did pay an income to John L. for the duration of his life. Any right the plaintiff and her late husband had in the property at question was surrendered by John L.'s voluntary actions. Therefore, the trial court correctly determined that defendant John T. was entitled to a judgment as a matter of law and properly granted the motion for summary judgment.
*787 Mrs. Favaloro also argues that the trial judge had no authority to grant John T.'s motion for summary judgment because he failed to submit a statement of uncontested facts along with his motion as required by CDC Rule 9, § 1(a). We find no merit in this, or any of the rest of Mrs. Favaloro's minor arguments. A trial court judge has discretion to dispense with the strict application of local rules when unnecessary to the resolution of a dispute. In the instant case, the documents which were submitted in support of John T.'s motion were sufficient to decide the case.
For the above and foregoing reasons, this court affirms the trial court's granting of the motion for summary judgment in favor of defendant John T. Favaloro.