| ¿DALEY, Judge.
Plaintiff, Leona Threeton Roy (Roy), appeals the trial court’s grant of an Exception of No Cause of Action in favor of defendant, *46 Robco, Inc. Roy claims undivided ownership interests in various immovable properties in Jefferson Parish and Orleans Parish with defendant, Robco. She filed a Petition for Partition of the properties on October 8, 1997, claiming her ownership interests through a counter-letter dated November 9, 1989, executed by Robco, and recorded in the conveyance records of Jefferson Parish. The counter-letter was attached to her petition as an exhibit.
Robco filed an Exception of No Cause of Action, arguing that as a matter of law, the counter-letter and other documents attached to Mrs. Roy’s petition did not transfer title of the immovable property to her, but only showed a future promise to | Rdo so. They argue that since she does not have a present ownership interest in the properties, she has no cause of action for partition by licitation.
Mrs. Roy argues that the recorded counter-letter recognized her ownership interest, rather than evidenced a future promise to sell an ownership interest to her, and thus she should be allowed to proceed with the partition by licitation, as her petition states a cause of action.
Analysis
The Exception of No Cause of Action is designed to test the legal sufficiency of the petition, and is evaluated on the face of the petition and attached documents, which are accepted as true. Decatur-St. Louis Combined Equity Properties, Inc. Venture v. Abercrombie, 411 So.2d 677 (La.App. 4 Cir.1982).
Plaintiffs petition asserts in Paragraph I that, “petitioner is the record owner of one-half (½) interest in the following described property: ...” In Paragraph II of plaintiffs petition plaintiff asserts that, “petitioner acquired her interest in the above property by virtue of a Counter Letter ...” In Paragraph IV of plaintiffs petition plaintiff asserts that, “Robco, Inc. did, in fact receive full consideration for the counter letter pursuant to the agreement of September 7, 1998.” The petitioner goes on to assert in Paragraph VIII that, “plaintiff is entitled to be recognized as an owner in indivisión of an undivided one-half (⅜) interest in all of the above described properties ...”
Plaintiffs petition prays for the following relief:
1. That there be judgment recognizing the parties as owners of the subject properties in proportions of an undivided one-half interest therein;
2. That there be judgment decreeing a partition by licitation of said properties;
|43. That there be an accounting for all rents, revenues and expenses with regard to the properties; and
4. All costs and attorneys fees as allowed by law.
A counter-letter is a binding agreement between record owners and non record owners whereby the record owner recognizes the true ownership interests of the non record owner, and counter-letters require no special form except that they must be in writing. Whittington v. Bienvenu, 539 So.2d 832 (La.App. 3 Cir.1989).
Attached to the petition is P-1, a counter-letter executed by Robco and recorded into the conveyance records of Jefferson Parish. That counter-letter states, in pertinent part:
BE IT KNOWN, that on this 9th day of November in the year of Our Lord one thousand nine hundred and eighty-nine.
BEFORE ME, the undersigned Notary Public, duly commissioned and qualified, in and for the Parish of Jefferson, State of Louisiana, and in the presence of the witnesses hereinafter named and undersigned,
PERSONALLY CAME AND APPEARED:
ROBCO, INC., a corporation organized under the laws of the State of Louisiana, domiciled in the Parish of Jefferson, appearing herein through its duly authorized President, Gordon K. Konrad, authorized by resolution of the Board of Directors, a copy of which is annexed hereto (hereinafter referred to as “Rob-co”.)
who declared that the properties (the “Properties”) described on the annexed *47 Exhibit “A” appear of record in the name of Robco, Inc. when in truth and in fact said properties are owned 50% by Robco, Inc. and 50% by Leona T. Roy. Accordingly, appearer hereby binds and obligates itself, its successors, and assigns to execute in favor of Leona T. Roy, or her nominee, at any time when required or requested to do so by the said Leona T. Roy an authentic act of sale in the usual form transferring and conveying to the said Leona T. Roy 50% of Robco’s rights, titles, interest and claims in and to said property.
Appellants argue that the language of the counter-letter conveys an ownership interest, while appellees argue that no ownership interest was transferred, but merely the personal right to have ownership conveyed in the future.
IsThis Court finds Peterson v. Moresi, 191 La. 932, 186 So. 737 (La.1939), to be controlling given the language of the counter-letter in this case. In the Peterson case, plaintiffs sued to be declared owners of various undivided interests in immovable property and for an accounting. The effect of a counter-letter was at issue. The counter-letter was signed by the record owner of the immovable property and stated that the plaintiffs and their heirs owned certain undivided interest in immovable property. In the instrument, the owner went on to promise to execute conveyances to such parties on request. The court found that the counter-letter recognized current ownership interests, rather than evidencing a promise to convey the property at some future time, notwithstanding the promise to execute a conveyance at a future time. The court found that the promise to execute the conveyances did not mean that an act of transfer by the record owner to the plaintiffs would be essential to joint ownership. The pertinent language in that counter-letter in Peterson reads as follows:
... the following persons have the following interest in said property:
‘A.P. Moresi an undivided 4/21 interest therein;
‘S.A. Moresi an undivided 4/21 interest therein;
‘A.D. Moresi an undivided 4/21 interest therein;
‘Arthur Schexnayder an undivided 1/21 interest therein;
‘Jules Maritzky an undivided 1/21 interest therein;
‘Ike Maritzky an undivided 3/21 interest therein; and that said named persons have paid their pro rata share and portion of said purchase price, and when so requested I will execute an act of transfer conveying to them or their assigns their respective interest in said premises.
Appellee relies on Favaloro v. Favaloro, 561 So.2d 783 (La.App. 4 Cir.1990), in support of the trial judge’s granting the Exception of No Cause of Action. In that ease, a wife claimed a one-third interest in immovable property by virtue of a counter-letter issued to her late husband, the maker of which was record owner of the property. The court found that any interest her husband may have had in the property was surrendered by her husband’s voluntary actions in manually delivering |6the counter-letter back to the maker/owner in return for the maker’s promise to provide the husband income for the rest of his life, which promise was fulfilled.
In the Favaloro case, the judgment depended upon the effect of the manual delivery of the counter-letter from the husband to the defendant. The substance of the counter-letter is not quoted in the opinion. Defendants cite the following dicta from the opinion: “A person who receives a counter-letter purporting to convey an interest in immovable property receives only a personal right which may be asserted against the transferor, not an actual ownership right in the property. Essentially, the recipient of a counter-letter receives only the right to sue the transferor for ownership and an accounting.” Favaloro v. Favaloro at 786.
The language quoted from Favaloro ignores the fact that counter-letters, as agreements between the parties, must be evaluated on the specific substance of the language therein. It also ignores the fact that the Louisiana Supreme Court has recognized that a counter-letter reflects an ownership interest. Peterson v. Moresi, supra. “As such, the recipient of a counter-letter *48 may exercise his (or her) real right of ownership by asserting nonpersonal actions such as a petitory action or a partition of immovable property.” Favaloro v. Favaloro: Classification of Rights Associated With Counter-letters as Real or Person, 52 La. L.Rev. 479 (1991). See also Whittington v. Bienvenu, 539 So.2d 832 (La.App. 3 Cir.1989); Charles Tolmas, Inc. v. Bressler, 230 La. 1087, 90 So.2d 55 (1956);
This case is also distinguishable from Ward v. Pennington, 434 So.2d 1131 (La.App. 1 Cir.1983). In that case, the counter-letter sued upon was found to constitute, at most, a promise to sell. That counter-letter stated, in pertinent part: “This will confirm our verbal agreement that you own an undivided one-half interest in that certain agreement to purchase Mt. Pleasant Plantation ...” The court said:
|7The only logical interpretation of the April 2, 1957, letter is that it reflects a confirmation of a verbal agreement that Ward was the owner of an undivided interest in the agreement to purchase Mount Pleasant Plantation... .Thus, the letter under these circumstances simply is not a legal counter-letter wherein title to immovable property, as between the parties (Ward and Pennington), passed.
The court in Ward went on to distinguish Peterson v. Moresi, supra, quoting the language of the Peterson counter-letter and finding specifically that it contained an acknowledgment of ownership interests. The counter-letter in this case recognizes ownership; it does not convey an offer to own property in the future. The Ward counter-letter was insufficient to be translative of title or in recognition of ownership. That is not the case asserted in plaintiffs petition.
It is not crucial to our decision here that the counter-letter in the case at bar does not recite the specific consideration. The petition, the allegations of which must be accepted as true on its face for the purpose of an Exception of No Cause of Action, asserts “Robco, Inc. did in fact receive full consideration for the counter-letter pursuant to the Agreement of September 7, 1989.” The language of the counter-letter acknowledges an ownership interest that, between the parties, did not depend on the execution of a further instrument.
Accordingly, we find that the counter-letter in question expresses the acknowledgment of Mrs. Roy’s ownership interest in the Robco property. Mrs. Roy’s petition states a cause of action. A suit for specific performance to require defendant to execute an Act of Sale is not a condition precedent to the plaintiffs suit seeking to be declared the owner of an undivided one-half interest in and to the land described and for partition of those properties. Therefore, we reverse the judgment of the trial court, and remand for further proceedings.
REVERSED AND REMANDED.