<div align="right">
15   395<br>
119   620<br>
119   621
</div>

## WEAVER *v.* MAILLOT and others.

An Act cannot govern the decision of a case which is based upon a contract made prior to the passage of the Act.

There is nothing in the Act of March 2d, 1860, in conflict with Article 8 of the Civil Code, the latter is therefore unrepealed and in force, upon the subject-matter of the former statute.

By the Act of 1855, p. 352, the right to the repetition of usurious interest paid is limited to one year.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*T. A. Bartlette,* plaintiffs. *Race & Foster,* for defendants and appellants.

BUCHANAN, J. Plaintiff sues, as holder of a draft dated New Orleans, July 26th, 1859, for $800, payable five months after date, drawn by *U. C. Briggs* upon and accepted by *E. Price & Co.,* in favor of *J. Maillot & Co.,* by whom it is endorsed.

The defendants, the drawers and endorsers of this draft, plead that about two years since, plaintiff made a loan of eight hundred dollars to defendant, *Briggs,* for which he received usurious interest; that *Briggs'* notes or drafts for this loan were renewed from time to time upon usurious interest paid, (amounts and dates not recollected, with the exception of the two last renewals, which were a draft at four months, from March 30th, 1859, on which $80 were paid as interest— and the draft now in suit, on which $160 were paid as interest.)

The answer further avers that the sums paid from first to last as interest upon this loan and its several renewals, amount to fully the sum of $800, the original amount of the loan. The defendants pray that said payments be imputed to the capital of the loan, and that there be judgment in their favor.

This answer was admitted on trial to contain a true statement of facts. But the court being of opinion that the only sums declared to have been paid within twelve months past for usurious interest, being two hundred and forty dollars, no more could be recovered back by defendants, under the statute of 1844.

Judgment was rendered for $560,—the face of the draft less $240,—and for legal interest on that sum from the day of protest.

Defendants appeal, claiming that the debt is discharged in full, as shown by

<div style="margin-left">WEAVER<br>v.<br>MAILLOT</div>

the admissions; and plaintiff answers the appeal, claiming that the judgment be amended in his favor, by allowing him the full amount of his demand. He relies upon the Act of 1856, p. 130, also upon the Act relative to the rate of interest, approved March 2d, 1860, Session Acts, p. 41.

We are of opinion that the Act of 1860 cannot govern the decision of this case, which is based upon a contract made prior to the passage of said Act. The Civil Code, Art. 8, declares that a law can only prescribe for the future; that it cannot have a retrospective operation. We find nothing in the Act of March 2d, 1860, in conflict with this provision of the Code. The latter is, therefore, unrepealed and in force, upon the subject-matter of the former statute.

The present case is very similar to that of *Crane* v. *Beatty*, lately decided; in which case we gave a construction of the statute of March 20th, 1856, relative to the rate of interest.

The only point of difference in this case is, that the limitation o' one year enacted in the Act of 1855, p. 352, for the repetition of usurious interest paid, is a bar to the recovery of all but $240 of that paid in the present instance.

Judgment affirmed, with costs.

LAND, J., absent.