CAMPBELL & STRONG v. J. M. HILLIARD.

| 15 | 537 |
| 119 | 620 |

The decision in the case of *Martin Crane* v. *W. Beatty*, ante p. 329, affirmed, to the effect that the provisions of the Act of March 20, 1856, cannot be extended so as to authorize, and legalize transactions between debtors and creditors, wherein usurious interest is added to the sum really due, as a consideration for an extention of time, or indulgence to the creditors.

In such cases the penalty prescribed by the Act of 1855, regulating interest, will be applied, and the forfeiture of all interest be decreed.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *Mathews & McFee*, for plaintiffs. *Todd & Brigham*, for defendant and appellant.

VOORHIES, J. The plaintiffs brought suit upon two promissory notes executed in their favor by the defendant.

The defence is, usury.

Upon an examination of the evidence introduced for the purpose of showing the consideration of these notes, it appears that the following amounts or items are obnoxious to the charge of usury, to-wit :

January 10th, 1856, 2½ p. c. advancing............... $40 57
June 5th, 1855, 2½ p. c. com. advancing............... 3 01
                                                      ———————
                                                      $43 58

It is contended on behalf of the defendant, that the whole interest stipulated, whether or not included in the body of the instrument, has been forfeited ; whilst, on the other hand, it is argued that the whole interest is recoverable, inasmuch as the rate stipulated by the instrument is not on its face usurious.

In other words, the question at issue is, whether the contract under consideration is to be regulated by the statute of March 15th, 1855, Sess. Acts, p. 352, or by the statute of March 20th, 1856, Sess. Acts, p. 130.

The same question was presented in the case of *Martin Crane* v. *Wm. Beatty*, decided in the city of New Orleans on the 28th day of May last. The court held that : " the Act of March 20th, 1856, had in view the sale of notes and other written obligations, their discount or sale, for the purpose of raising money, and nothing more. The words *interest* or *discount*, in the sense in which they are taken in the Act, are synonimous, meaning the per centage deducted on the sum expressed in the note, bond, &c. The provision of the Act cannot be extended so as to authorize and legalize all transactions between debtors and creditors, wherein usurious interest is added to the sum really due, as a consideration for an extension of time, or for the indulgence of the creditor ; and such appears to be the character of the obligations which are sought to be enforced in this case. The notes sued on were never discounted by the payee, but were taken in renewal of other notes, with the addition of usurious interest thereon." *Martin Crane* v. *Wm. Beatty*, ante p. 329.

The penalty of the Act of 1855 being the forfeiture of the whole interest, the plaintiffs cannot recover the usurious items, amounting in the aggregate to the sum of $43 58, nor the amount of interest stipulated in the notes.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed ; and that the plaintiffs do recover of the defendant the sum of fourteen hundred and eighty-nine dollars and twenty-eight cents; the plaintiffs paying the costs of appeal, and the defendant the costs of the inferior court.