HOWELL, J., recused.

---

JOSEPH D. WEAVER _v._ KEARNY & BLOIS.

The owner of any promissory note, bond, or written obligation, for payment of money, to order, or bearer, or transferrable by assignment, shall have the right to collect the whole amount of such promissory note, bond or written obligation, notwithstanding such note, bond or written obligation may include a greater rate of interest or discount than eight per cent. per annum, provided such obligations shall not bear more than eight per cent. interest per annum after their maturity.

The evident object of the legislature in passing these acts was, that there should be no stipulation for interest exceeding the rate of eight per cent., unless the parties contracting for a greater rate of interest on a valid claim should add the interest to the claim in making the amount of the written obligation. It did not design that usurious interest, included in a written obligation, stipulated for another debt not included therein, should be collected.

APPEAL from the Third District Court of New Orleans, _Handlin_, J. _Fellowes & Mills_ for plaintiff. _George L. Bright_ for defendants and appellants.

HYMAN, C. J. Plaintiff sued defendants on several promissory notes payable to his order, made by defendants in the years 1863 and 1864.

He prayed judgment against them for the amount of the notes, with legal interest from their respective maturity, cost of protests and cost of suit.

The judge rendered judgment against defendants as prayed for, and they have appealed from the judgment.

Defendants, in answer, averred that the note for $784 98 (one of the notes sued on) was given to plaintiff for usurious interest. They propounded interrogatories on facts and articles to him, and his answers to the interrogatories establish the facts that $228 05 was the only valid consideration for the note, and that $556 84 added to make up the amount for which the note was given, was interest at the rate of three per cent. per month on two other claims.

On the 15th March, 1855, the legislature passed an act to regulate the rate of interest; and provided therein, that all debts should bear interest at the rate of five per cent. per annum, from the time they become due; and that conventional interest, in no case, should exceed eight per cent., under pain of forfeiture of the entire interest so contracted.

Since then, the legislature passed two other acts in relation to the rate of interest; one on the 20th March, 1856, the other on 2d March, 1860; and, in these acts, it is disclosed that the owner of any promissory note, bond or written obligation, for payment of money to order or bearer, or transferrable by assignment, shall have the right to collect the whole amount of such promissory note, bond or written obligation, notwithstanding such note, bond or written obligation may include a greater rate of interest or discount than eight per cent. per annum, provided such

obligations shall not bear more than eight per cent. interest per annum after their maturity.

The evident object of the legislature in passing these acts, was that there should be no stipulation for interest exceeding the rate of eight per cent., unless the parties contracting for a greater rate of interest on a valid claim should add the interest to the claim in making the amount of the written obligation. It did not design that usurious interest, included in a written obligation, stipulated for another debt, not included therein, should be collected.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed. It is further ordered, adjudged and decreed, that the plaintiff, Joseph D. Weaver, do recover of the defendants, Alfred Kearny and Thomas Blois, and of the commercial firm of Kearny & Blois, *in solido*, the sum of seven thousand two hundred and thirty eight dollars and eleven cents, with legal interest on $228 05 from 14th December, 1863; on $250 from February 12th, 1864; on $1,100 from 26th February, 1864; on $1,600 from 20th February, 1864; on $364 12 from 7th March, 1864; on $450 from 10th March, 1864; on $1,021 50 from 13th March, 1864; on $1,980 from 15th March, 1864, and on $244 44 from 12th February, 1864, till paid; $19 80 costs of protest and costs of suit in the District court; costs of appeal to be paid by plaintiff.

----

.ON A PETITION FOR A REHEARING.

JONES, J. This appeal is taken for delay; but as no answer has been filed by the appellee, asking for damages for frivolous appeal, we simply affirm the judgment, with costs.

HOWELL, J. While an application for a rehearing in this cause was under consideration, a judgment appears to have been rendered on the merits *as on a rehearing.* It is evident that this second judgment is irregular and without legal effect, as the rehearing should have been first disposed of and the parties allowed an opportunity to furnish arguments in the event of a *rehearing being granted.* We must therefore consider the case still before us as on the application of plaintiff for a rehearing of the judgment rendered on 18th December, 1865.

He complains that the judgment is based on a misapprehension of the facts as to the usurious interest embraced in the note for $784 98, and which was declared forfeited. In his answer to the second interrogatory he says: "The balance after deducting the due bill" (which was for $228 05) "was for interest at 3 per cent. per month" (on other obligations). Under our interpretation of the acts of 1856 and 1860, this is not a valid consideration.

It is therefore ordered that the rehearing be refused, and the judgment rendered by us on 18th December, 1865, remain undisturbed as the final judgment in this case.