### J. S. TARVER *v.* W. O. WINN.

The agreement to pay a greater interest than that allowed by law to be contracted for, makes that part of the contract null and void, and produces no legal effect between the parties contracting, and is the same as if no agreement had been entered into relative to interest.

When there is no stipulation to pay interest on a debt, it bears interest at the rate of five per cent. from the time it becomes due.

APPEAL from the District Court, Parish of Rapides, *Lewis,* J. O. C. *Manning,* for appellant. *Ryan & White,* for appellees.

The facts are stated in the opinion of the Court.

HYMAN, C. J. In this case plaintiff sued to obtain a judgment against Mary E. Winn, as the universal heir of the deceased, Walter O. Winn, and of the executrix of his estate, on a note, as follows :

"WINN FOREST PLANTATION, LA., February 13, 1861.

"On the 1st of March, next, 1861, I promise to pay to Jno. S. Tarver, or order, the sum of twenty-six hundred and sixty-nine dollars and forty-eight cents, for his services as overseer on my Winn Forest plantation, .

Tarver v. Winn.

In case I should fail to comply with the above, on the 1st of March, I hereby bind myself to pay to said Jno. S. Tarver or order, on the 1st of November, 1861, the sum of twenty-nine hundred and thirty-six dollars and forty-two cents, for his services rendered on my Winn Forest plantation.                                                                W. O. Winn."

No citation was legally made on defendant, Mrs. Winn, and she filed an exception in the District Court, asking the dismissal of this suit on that ground.

The Court overruled the exception, and rendered judgment against her as heir and executrix, for $2,669 48 (the amount of the note), and costs of suit.

Plaintiff has appealed from this judgment, and the defendant, Mrs. Winn, in her answer to the appeal, submits the case to this Court, and asks that the judgment of the lower Court be reversed by us.

By this answer she claims her right to claim a reversal of the judgment of the lower Court, on the ground that she was not cited.

It is apparent that, in the note sued on, greater damages or interest are stipulated for delay of its payment than interest at a rate of eight per centum per annum ; and the law has declared that such a stipulation causes the forfeiture of the entire interest contracted for, unless it be capitalized and placed in the amount for which the note was given.   See Acts relative to interest, passed in the years 1855 and 1860.

The agreement to pay a greater interest than that allowed by law to be contracted for, makes that part of the contract null and void, and produces no legal effect between the parties contracting, and is the same as if no agreement had been entered into relative to interest.

When there is no stipulation to pay interest on a debt, it bears interest at the rate of five per cent. from the time it becomes due.   See Acts of 1855, already referred to.

It is therefore decreed, that the judgment of the District Court be so amended as to allow plaintiff to recover of defendant, interest at the rate of five per cent. per annum, from the 1st of March, 1861, on the amount of the judgment rendered by the lower Court.   It is further decreed that, in all other respects, the judgment of the lower Court be affirmed.

It is further decreed, that defendant pay the costs of this appeal.