87 So.2d 715

Henry C. VOSBEIN

v.

Walter Joseph LEOPOLD.

No. 42419.

May 7, 1956.

Sam Monk Zelden, Max Zelden, New Orleans, for defendant-appellant.

Weiss & Weiss, S. Paul Weiss, Jr., New Orleans, for plaintiff-appellee.

PONDER, Justice.

The plaintiff is seeking to recover on two negotiable promissory notes, one dated March 19, 1953, calling for $4,200, and the other dated January 7, 1954, for the sum of $1,943, interest and attorney's fees. The defense to the suit is that the notes are void for lack of lawful consideration because they represent a large sum of usurious interest imposed on a prior obligation. On trial the lower court gave judgment in favor of the plaintiff and the defendant has appealed. The plaintiff has answered the appeal asking for ten per cent damages for frivolous appeal.

It appears that the plaintiff made a loan to the defendant some years ago in the sum of $16,000. This loan was represented by a promissory note secured by a mortgage. The note and mortgage were cancelled and a new note was given in the amount of $3,800, the indebtedness having been re-

duced to that amount. Thereafter, on March 19, 1953, a new note was executed by the defendant payable to the plaintiff in the amount of $4,200, representing the $3,800 and a $400 cash loan made to the defendant by the plaintiff. Another note was executed by the defendant in favor of the plaintiff in the amount of $1,943 on January 7, 1954, representing $675 legal fees due the plaintiff on another transaction (the plaintiff being an attorney at law) and $1,368 interest on the $3,800 included in the first note. It is admitted by the parties that due to a miscalculation this note was made for $1,943 instead of $2,043.

The appellant contends that the $4,200 note, dated March 19, 1953, was composed of a cash loan of $4,200 and $3,800 usurious interest charged on the previous loan of $16,000. While there is considerable conflict in the testimony in this case, it is apparent that the $3,800 represents a portion of the principal and the interest due thereon. The evidence shows that the defendant on the original $16,000 loan paid interest at the rate of 18% per annum and in some instances more than that amount of interest. Undoubtedly a portion of the $3,800 included in the $4,200 note represented usurious interest, but since this usurious interest was capitalized with a portion of the principal obligation no relief can be granted the defendant. The pertinent provisions of Article 2924 of the LSA–Civil Code, as amended, provides as follows:

"The amount of the conventional interest cannot exceed eight per cent. The same must be fixed in writing; testimonial proof of it is not admitted in any case.

"Except in the cases herein provided, if any persons shall pay on any contract a higher rate of interest than the above, as discount or otherwise, the same may be sued for and recovered within two years from the time of such payment. * * *

"The owner of any promissory note, bond or other written evidence of debt for the payment of money to order or bearer or transferrable by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note, bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight per cent per annum; provided such obligation shall not bear more than eight per cent per annum after maturity until paid.

"Provided however where usury is a defense to a suit on a promissory note or other contract of similar character, that it is permissible for the defendant to show said usury whether same was given by way of discount or otherwise, by any competent evidence."

■ It appears from the jurisprudence, after the amendment of Article 2924 of the Civil Code in 1908, that where interest and principal is capitalized in a new note, even though the interest included was usurious, recovery could be had in full on the note. Turregano v. Barnett, 127 La. 620, 53 So. 884; General Securities Co. v. Jumonville, 216 La. 681, 44 So.2d 702.

The second note calling for $1,943 admittedly represents $675 legal fees due the plaintiff on another transaction, and interest on the $3,800 due under the prior loan as a portion of the $16,000 obligation. From the evidence it is apparent the amount of interest included in the second note was usurious interest and that no part of the principal was included.

■ The appellee admits that the interest was usurious but contends that he is entitled to recover on this note because the interest was capitalized in the new note. We cannot accept this contention because this second note, with the exception of $675 for legal fees due on another transaction, was made up entirely of interest due on the prior obligation at a rate in excess of that allowed by law. No part of the principal of the prior obligation is included in this second note, therefore, it could not under the jurisprudence be considered as capitalization within the meaning of the law.

■ We do not feel justified in extending the doctrine of capitalization in regard to usurious interest with an entirely different transaction; otherwise parties would be permitted to recover usurious interest by merely capitalizing it with transactions foreign to the principal obligation and by this means circumvent the law.

■ The appellee takes the further position that his promise to forbear on the collection of the first note is a valid consideration. We find no merit in this contention. Weaver v. Kearny & Blois, 17 La.Ann. 326; Walker v. Villavaso, 18 La.Ann. 712; Chadwick v. Menard, 104 La. 38, 28 So. 933; Huntington v. Westerfield, 119 La. 615, 44 So. 317. In the case of Robinson Lumber Co. v. Tracka & Boudreau, 173 La. 461, 137 So. 853, 854, although this Court held that the forbearance to foreclose on a timber mortgage was a valid consideration, the Court said:

"It is well settled, as contended by relator, that a note given as a mere bonus for the extension of time of payment of the original note or obligation cannot be recovered by the lender, when in excess of the conventional rate of interest; that such bonus is excessive and usurious, and is not considered a legal consideration. Chadwick v. Menard, 104 La. 38, 28 So. 933; Huntington v. Westerfield, 119 La. 615, 44 So. 317."

■ This language was again cited with approval in the case of Church v. Winship, 175 La. 816, 144 So. 585. In the general field of usury, a note given merely to secure

an extension of an existing note is usurious. See 5 T.L.R. 211; 7 T.L.R. 124; 23 T.L.R., at page 66.

The appellee also contends that the defendant in his answer denied his signature on the notes and that the lower court erred in permitting the defendant to set up any special defenses over the objection of the plaintiff. We have examined the plaintiff's answer and it is apparent after reading all of the allegations therein that the defendant did not deny his signature on the note. All of the allegations of the answer must be considered as a whole and it clearly shows that the defendant was opposing the suit, not on the ground that he did not sign the note, but on the ground that the plaintiff had charged him usurious interest.

It was held in Osborne v. Mossler Acceptance Co., 214 La. 503, 38 So.2d 151, that, in accordance with Article 2924, R.C. C., as amended by Act No. 68 of 1908, where usurious interest is charged in a contract, the rate of interest is properly reduced to the highest rate allowed for conventional interest by our law, which is eight per cent.

█ If the $4,200 note had called for more than 8% interest, it would have to be reduced to 8% under the Osborne decision, but in the case under consideration the parties fixed the interest in that note at 6% and the usurious interest included in the second note was an additional 18% per annum for two years for forbearance which

under the decisions, heretofore cited, is not a legal consideration and recovery must be denied on this portion of the note.

For the reasons assigned, the judgment of the lower court is amended by reducing the amount of the judgment from $6,143 to $4,875 with interest at the rate of 6% on $675 from January 7, 1954, until paid and 20% attorney's fees thereon and, as thus amended, the judgment is affirmed. All costs to be paid by the plaintiff-appellee.