90 So.2d 785

Henry C. VOSBEIN

v.

Walter Joseph LEOPOLD.

No. 43100.

Nov. 5, 1956.

Weiss & Weiss, New Orleans, for relator.

Zelden & Zelden, New Orleans, for respondents.

HAMITER, Justice.

The instant litigation involves a dispute respecting the interpretation of our decree rendered on May 7, 1956 in Vosbein v. Leopold, 230 La. 21, 87 So.2d 715.

In that cause the plaintiff sued on two separate notes executed by the defendant, one dated March 19, 1953 in the principal sum of $4,200 and stipulating interest at 6% per annum from date and attorneys' fees of 10%, and the other dated January 7, 1954 in the principal sum of $1,943 and providing for interest at 6% per annum from date and 20% attorneys' fees. There was a judgment in the district court for the full amount claimed (the principal sums of the notes plus the stipulated interest and attorneys' fees), and the defendant appealed.

On the appeal we rendered a decree reading as follows: "For the reasons assigned, the judgment of the lower court is amended by reducing the amount of the judgment from $6,143 to $4,875 with interest at the rate of 6% on $675 from January 7, 1954, until paid and 20% attorney's fees thereon and, as thus amended, the judgment is affirmed. All costs to be paid by the plaintiff-appellee."

On June 5, 1956, after such decree became final, the defendant tendered to the plaintiff a check in an amount sufficient to cover the total principal sums held by this court to be due ($4,875) plus interest and attorneys' fees on only $675 thereof.

Plaintiff returned the check, and he later caused to be issued a writ of fieri facias to collect his judgment.

Thereupon the defendant obtained a temporary restraining order and subsequently, after a hearing, a preliminary writ of injunction preventing plaintiff and the Civil Sheriff for the Parish of Orleans from executing the writ of fieri facias. Also he deposited in the registry of the court the amount previously tendered to and refused by plaintiff.

On plaintiff's application we granted writs to review the preliminary injunction order.

Defendant's position, as well as that of the trial judge, appears to be that under our decree of May 7, 1956 he is obligated to pay interest and attorneys' fees on *only* $675. He, in other words, maintains that we reversed and set aside that portion of the trial court's judgment awarding interest and attorneys' fees on $4,200 of the total principal sums held to be due.

In determining the effect of our decree it is necessary to examine the judgment originally rendered by the district court, for we specifically decreed that "the judgment of the lower court is amended * * and, as thus amended, the judgment is affirmed." That judgment reads: "It Is Ordered, Adjudged and Decreed, that there be judgment in favor of the plaintiff, Henry C. Vosbein, and against the defendant Walter Joseph Leopold, in the full sum of $6,143.00, together with six

(6%) per cent per annum interest from March 19th, 1953, until paid, on $4200.00, and ten (10%) per cent attorneys' fees on the aggregate of said $4200.00 and said interest; and with six (6%) per cent per annum interest from January 7th, 1954, until paid, on $1,943.00, plus twenty (20%) per cent attorneys' fees on the aggregate of said $1,943.00 and said interest; and for all costs of this suit."

From the foregoing it is clear that our amending of the judgment effected only a reduction in the total principal sums due ($6,143 to $4,875) and also a change as to the amount ($1,943 to $675) on which 6% interest from *January 7, 1954* and 20% attorneys' fees should be paid. That portion of the district court's judgment awarding 6% interest from *March 19, 1953* on $4,200 and 10% attorneys' fees thereon was left undisturbed by our decree and is, therefore, in full force and effect. Incidentally, such a conclusion is the only one consistent with the reasoning of the opinion handed down in connection with our decree.

Accordingly, we must conclude that the trial court erred in enjoining the enforcement of plaintiff's judgment.

For the reasons assigned the writs issued by us are now made peremptory, and the district court is directed and ordered to recall the preliminary writ of injunction considered herein. Costs of both courts shall be paid by the defendant Walter Joseph Leopold.