121 So.2d 65

Lucius MAYFIELD, Administrator Pro Tem-
pore of the Succession of Van May-
field, et al.

v.

George J. NUNN et al.

No. 44132.

May 31, 1960.

1023  1024

Jerome T. Powell, Robert G. Chandler, Shreveport, for plaintiffs-appellants.

Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for defendants-appellees.

GARDINER, Justice ad hoc.

This suit was instituted on January 29, 1958 by Lucius Mayfield in his capacity as Administrator pro tempore of the Succession of Van Mayfield, and by Jessie Holmes Mayfield, having for its immediate purpose to enjoin further prosecution of a suit via executiva instituted by defendants George Nunn and Jack A. Martin to foreclose a mortgage on certain real estate for the alleged reason that the mortgage note, signed by Van Mayfield and Jessie Holmes Mayfield, on which some payments had been made, was tainted with usury. Exceptions of no cause or right of action having been maintained by the lower Court, and writs having been refused by this Court,[1] the foreclosure proceedings were terminated and admittedly are no longer open to attack. A devolutive appeal was perfected from the lower Court's maintaining of the exceptions as to other relief sought, and the matter is now before us for consideration.

[1] The plaintiffs, in applying for writs of certiorari and mandamus, sought to restrain absolutely and in its entirety the sale under executory process, though admitting an indebtedness in a lessor amount than the remainder said to be due on the mortgage note; and writs were denied since the law allows the sale to be made to satisfy the undisputed debt; Crowley Bank & Trust Co. v. Hurd, 137 La. 787, 69 So. 175; Sample v. Elliott, 155 La. 941, 99 So. 705.

█ The petition's well pleaded factual allegations, which must be accepted as true in disposing of the exceptions, are that on May 29, 1956 the defendants George J. Nunn and Jack A. Martin, at the request of and for the account of Van and Jessie Holmes Mayfield and in order to liquidate the Mayfields' indebtedness of $9,933.70 to the National Bank of Bossier City, secured by three mortgage notes the payments on which were then in default, paid to the bank the said sum; that contemporaneously with that payment, and as a condition for making it, the defendants required the Mayfields to execute a promissory note in the principal sum of $15,000, bearing eight per cent per annum interest from date until paid, payable in $400 monthly installments, secured by an act of mortgage affecting certain real property owned by the Mayfields (the same property which had secured the notes to the bank—the prior mortgages being then cancelled); that the note "included a bonus" (over and above the indebtedness) of $5,166.30 and, in addition, stipulated eight per cent per annum interest, "not only upon the debt but also on the said bonus." It was further alleged that after execution of the mortgage note, Van Mayfield made monthly payments to defendants from July, 1956 through October, 1957, totaling $5,700; that in the foreclosure proceedings (sought to be enjoined) the defendants were claiming the sum of $11,839.-13 as still due on the mortgage note, with

8% interest from October, 1957 until paid, plus 10% of principal and interest as attorneys' fees. The plaintiffs, asserting that because of the usurious character of the interest charged, no portion of the installments paid can be applied to interest but that those sums must be credited in entirety against the original indebtedness of $9,-933.70, leaving a balance due of $4,233.70—rejected when offered to plaintiffs—prayed (aside from the prayer for temporary injunction) that the defendants be duly cited to appear and answer the petition and that after legal delays, etc., there be judgment against them decreeing the "bonus" and the interest "from date" to be usurious interest not collectible; prayed also that the payments of $5,700 "be recognized," that the original amount due of $9,933.70 be reduced by $5,700 and that there be judgment against plaintiffs and in favor of defendants for the remainder, i. e. $4,233.70, with 5% interest from date of judgment until paid; and for general and equitable relief.

The Trial Judge, having given oral reasons for maintaining the defendants' exceptions of no cause or right of action, on motion for rehearing re-stated, in a memorandum opinion, his appreciation of the case, noting that the sole issue was whether or not the note in question bore an usurious rate of interest and stating that while in the Court's opinion the rate of interest was unconscionable and was certainly usury in disguise, nevertheless "in as much as the

courts have permitted any amount as a bonus or commission or excess charge to be incorporated in the body, or the principal amount stated on the face of the note, * * we see no reason for restricting the note to no interest from date * * * and we have been unable to find any case in which this factual situation was presented to the courts."

Counsel for plaintiff-appellants, contending that their petition factually sets forth a case of usury under the laws of this State, submit that Article 2924 of the Revised Civil Code–LSA, comprising our law on usury, treats discount as prepaid interest; that also falling within the category of prepaid interest are sums deducted from the amount of a note before the proceeds are delivered to the maker; and that in adopting Article 2924 of the Code the lawmakers intended to legalize the discounting of notes and the sale of discounted notes on the theory that the amount of the discount constituted prepaid interest up to the date of maturity; but that if Article 2924 be construed to allow the collection of interest *from date* of note upon prepaid interest, the result would be in conflict with Article 1939 of the Civil Code–LSA prohibiting interest upon interest—unless capitalized within the meaning of the law.[2]

Counsel for defendant-appellees, in defense of the ruling on their exceptions, contend as their major premise that "discount" is distinct from "interest," since discount is said to entail the gauging by the creditor of the element of risk, the gamble of capital, the chances of gain or the probabilities of loss; from which it follows that Article 1939 of the Civil Code–LSA prohibiting the recovery of interest upon interest is totally inapplicable; and particular emphasis is placed on a paragraph of Article 2924, which is said to be more appropriate to the instant case and to be devoid of restriction as to when the interest begins to run.

A study and analysis of the various paragraphs of Article 2924[3] reveal that the law declares interest to be either legal or con-

---

**2.** That Article declares: "Interest upon interest cannot be recovered unless it be added to the principal, and by another contract made a new debt. No stipulation to that effect in the original contract is valid. The provisions of this Article shall be held to apply to all persons, partnerships and corporations irrespective of custom or of the character of business in which they are engaged."

**3.** "Interest is either legal or conventional. Legal interest is fixed at the following rates, to wit:

"At five per cent on all sums which are the object of a judicial demand. Whence this is called judicial interest;

"And on sums discounted at banks at the rate established by their charters.

"The amount of the conventional interest cannot exceed eight per cent. The

ventional; legal (or judicial) interest is fixed at 5%; as to sums discounted at banks, the interest is at the rate established by their charters; conventional interest cannot exceed 8%, and if a higher rate is paid, as discount or otherwise, the same may be sued for and recovered within two years from the time of such payment—except in two instances, the one set out first being devoid of restriction as to when interest begins to run (this being the provision on which defendants rely), the other, in almost identical terms, with a proviso that interest be not more than 8% per annum after maturity until paid; and the

question presented in the case before us is whether or not the obligation signed by the Mayfields for $15,000, which included a "bonus" of somewhat more than $5,000, with interest stipulated at 8% from date, falls within either exception, or whether it has characteristics which are prohibited under the laws relating to interest. The two paragraphs, having originated in substantially their present wording as Act 161 of 1856 (appearing as the first exception) and Act 62 of 1860 (appearing as the second—see footnote 3), were incorporated in the Revised Civil Code upon its adoption in 1870. Legislative history for the decade

same must be fixed in writing; testimonial proof of it is not admitted in any case.

"Except in the cases herein provided, if any persons shall pay on any contract a higher rate of interest than the above, as discount or otherwise, the same may be sued for and recovered within two years from the time of such payment.

"The owner or discounter of any note or bond or other written evidence of debt for the payment of money, payable to order or bearer or by assignment, shall have the right to claim and recover the full amount of such note, bond or other written evidence of debt and all interest not beyond eight per cent per annum interest that may accrue thereon, notwithstanding that the rate of interest or discount at which the same may be or may have been discounted has been beyond the rate of eight per cent per annum interest or discount; but this provision shall not apply to the banking institutions of this State in operation under existing laws.

"The owner of any promissory note, bond or other written evidence of debt for the payment of money to order or bearer or transferable by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note, bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight per cent per annum; provided such obligation shall not bear more than eight per cent per annum after maturity until paid.

"Provided however where usury is a defense to a suit on a promissory note or other contract of similar character, that it is permissible for the defendant to show said usury whether same was given by way of discount or otherwise, by any competent evidence." (As amended by Acts 1908, No. 68)

following 1850 is almost non-existent; assuming that enlightenment might be had from the House and Senate Journals for the years 1856 and 1860 (we are informed that the whereabouts of only one copy of each of these publications is known), they could not be obtained. We therefore turned to the jurisprudence of the period for assistance in an interpretation of the meaning of the provisions.

One of the earliest cases dealing with the subject, decided in the year 1860, stated that "The Act of March 20, 1856 [Act 161 of 1856] had in view the sale of notes and other written obligations, their discount or sale, for the purpose of raising money, and nothing more." Crane v. Beatty, 15 La.Ann. 329. Twice during the course of succeeding months the above construction of the 1856 statute was repeated and approved: Weaver v. Maillot, 15 La.Ann. 395, and Campbell & Strong v. Hilliard, 15 La.Ann. 537.[4] In a subsequent case involving a promissory note carrying interest "from date" at the rate of 10%, the provisions of the 1856 Act were applied to reduce the interest to 8%; Williams v. Halsmith, 1865, 17 La.Ann. 200. Several cases considered both the 1856 and 1860

Acts; for example, in Weaver v. Kearny & Blois, 1865, 17 La.Ann. 326, 327 the Court said: "The evident object of the Legislature in passing these acts was that there should be no stipulation for interest exceeding the rate of 8% unless the parties contracting for a greater rate of interest on a valid claim should add the interest to the claim in making the amount of the written obligation." In Tarver v. Winn, 1866, 18 La.Ann. 557, 558, where the Court had for consideration a suit on a note providing a large sum would be paid in the future as damages or interest in case of failure to make payment at maturity, the observation was made: "The law has declared such a stipulation causes the forfeiture of the entire interest contracted for, unless it be capitalized and placed in the amount for which the note was given. See Acts relative to interest passed in the years 1855 and 1860."[5] To the same effect is Walker v. Villavaso, 1866, 18 La.Ann. 712. The Act of 1860 was invoked in Mutual National Bank of New Orleans v. Regan, 1888, 40 La.Ann. 17, 3 So. 407, to oppose a claim of usury as to certain mortgage notes based on the fact that a discount of 9% had been deducted from the face value of

---

4. In those cases the Court rejected an attempt to extend the provisions of the 1856 Act so as to authorize and legalize transactions between debtors and creditors wherein usurious interest was added to the sum really due, as a consideration for an extension of time, or for the indulgence of the creditor.

5. By the terms of Act 291 of 1855, if a contract was usurious, the penalty was forfeiture of the entire interest.

the notes and retained by the "owner" or lender; but the transaction was held to be within the exception of the 1860 Act (by that time incorporated in the Revised Civil Code of 1870 as the second exception under Article 2924) and not usurious, since the notes bore interest only after maturity and at the rate of 8%. Chadwick v. Menard, 1900, 104 La. 38, 28 So. 933, 934 reviewed the laws of usury as well as the jurisprudence interpreting the Acts of 1856 and 1860, and the statement was again made that the early decisions recognized that the Act passed in 1856 "had in view the sale of notes for the purpose of raising money." See, also, Huntington v. Westerfield, 1907, 119 La. 615, 44 So. 317.

There are two recent cases dealing with the subject: General Securities Co., Inc. v. Jumonville, 1950, 216 La. 681, 686, 44 So.2d 702, 703, concerned a note acquired by a finance company at a discount of 11% of its face value, but conditioned to bear interest at 8% from maturity; the first exception under Article 2924 was not alluded to by the Court, but the note was held to come under the second exception, with the observation that "since it does not bear more than 8% interest after maturity it cannot be said to carry usurious interest;" and Vosvein v. Leopold, 1956, 230 La. 21, 87 So.2d 715, where the plaintiff sued on two separate notes executed by defendant, one in the principal sum of $4,200 and stipulating interest at 6% per an-

num from date, made up of the remainder. due ($3,800) on a previous note and a $400 cash loan made to defendant—as to which the Court held that while undoubtedly a portion of the $3,800 forming part of the $4,200 note included usurious interest imposed on the prior obligation, since the usurious interest was capitalized with a portion of the principal obligation, no relief could be granted the defendant; as to the other note, in principal sum of $1,943, representing $1,368 interest on the $3,800 included in the first note and attorney's fees in another transaction, the Court, omitting any reference to the first exception under Article 2924 and quoting only the second, refused to afford its protection, noting that "otherwise parties would be permitted to recover usurious interest by merely capitalizing it with transactions foreign to the principal obligation and by this means circumvent the law." 230 La. at page 28, 87 So.2d at page 717.

Applying the above principles to the instant case, and at the same time having in mind the pertinent rule of statutory construction that, provided the interpretation is reasonable and not in conflict with the legislative intent, effect and meaning must if possible be given to every part of the statute, we think that the first exception set out in Article 2924 and having its origin in the 1856 Act has no application here; its purpose has been repeatedly stated as intended to facilitate the sale of notes to

raise money and nothing more, whereas the second exception set out in the Article has been employed through the years as authorizing the capitalizing of interest. The "bonus" added to the Mayfields' obligation of $9,933.70 then overdue at the Bank was nothing more than a form of discount, capitalized, and it necessarily follows that the said note for the whole amount of $15,000 was, to the extent of the principal recited therein, an obligation recognized by law.

■■ However, we are unable to agree with counsel for defendants in their attempt to establish the legality of interest on the whole amount *from date of note.* The distinction sought to be made between "discount" and "interest" has no place in this case; the words, in the sense in which they are used in Article 2924 of the Code, are synonymous, are used in the alternative and interchangeably throughout the various paragraphs. The LSA–Civil Code, Article 1939 (see footnote 2) expressly forbids recovery of interest upon interest except in the sole case of a holder or owner of a note

not paid at maturity, who may then add to the principal the interest due thereon, and thus "by *another* contract made a *new* debt." (Emphasis ours) [6] Since the "bonus" was discount or interest, it necessarily follows because of the prohibition contained in Article 1939 of the LSA–Civil Code that the interest on the note in this suit *from date* was illegal and cannot be allowed. The payments totaling $5,700 must therefore be applied against the principal of $15,000, leaving a remainder due of $9,300.[7] The case will therefore be remanded, with leave given plaintiffs to amend the allegations of their petition, with a prayer consistent therewith.

For the reasons assigned the judgment of the District Court is reversed and set aside, the exceptions of no right and no cause of action are overruled, and the case is remanded to the District Court to be proceeded with according to law and consistent with the views herein expressed. Appellee shall pay the costs of this appeal; all other costs shall await the final determination of the case.

6. It would appear, although the point was not raised, that the note on which recovery was permitted in the Vosbein case (230 La. 21, 87 So.2d 715), and which bore interest from date—the said note including $3,800 due on a prior obligation on which usurious interest had been collected—might in some respects come under the exception of Article 1939 permitting interest on interest.

7. As stated in the opinion, counsel on oral argument in this Court admitted that the foreclosure proceedings were terminated and no longer open to attack; but we do not know the amount for which the property was sold nor other circumstances connected with the foreclosure and are therefore unable to make a more definitive ruling.