LINDSAY, Judge.
The plaintiff, Geraldine S. Spencer, appeals a trial court judgment rejecting her claim that a promissory note which she executed in favor of the defendant, J. Scott Boucher, called for the payment of an illegally usurious amount of interest. For the following reasons, we affirm the trial court judgment.
FACTS
In 1984, Ms. Spencer sought to obtain a loan, the proceeds of which were to be used to open and stock a convenience store which she intended to operate with her son, Joe Spencer. Ms. Spencer’s only collateral was her house and approximately 20 acres of land. However, there was already an existing mortgage on this property which was in default and several lending institutions had refused to accept this property as collateral for a new loan.
Ms. Spencer negotiated with the defendant, Mr. J. Scott Boucher, to borrow approximately $26,000. Of this amount, $16,-888.75 was to be used to pay off the existing mortgage and the remainder was to be used to open the convenience store. The new loan was to be secured by a mortgage on Ms. Spencer’s house and approximately 20 acres of land.
Accordingly, on November 12, 1984, Ms. Spencer executed a mortgage note in favor of Mr. Boucher. The note was in the original principal amount of $38,327.97, bearing 12 percent per annum interest from date, until paid, payable in 180 monthly installments of $460 each. Ms. Spencer actually received $26,000 upon execution of the note and mortgage. With these funds, the prior mortgage was paid and Ms. Spencer used the balance of the proceeds of the loan, or approximately $9,115, for the operation of the store. Ms. Spencer testified that at the time the agreement was reached, she understood that the true interest rate on the money she borrowed was actually around 16 percent.
Ms. Spencer made monthly payments from December 13, 1984 until June, 1987. At that time, the parties restructured their agreement to allow Ms. Spencer to pay *99 $260 per month. At the time of trial, Ms. Spencer claimed to have paid approximately $17,120 on the debt.
At some point, the building in which Ms. Spencer was operating the store was sold and the store went out of business. Ms. Spencer then filed suit claiming the defendant charged a usurious interest rate on the debt.[1]
LSA-R.S. 9:3503 provides that the amount of simple conventional interest on obligations bearing interest from date and secured in whole or in part, directly or indirectly, by a mortgage on immovable property; shall not exceed 12 percent per annum. In her suit, the plaintiff contended that the difference between the approximately $26,000 she actually received from the loan, and the $38,327.97 on the face of the note, was interest, which was in addition to the 12 percent interest rate stated in the note. The plaintiff requested damages and a refund of payments made.
The defendant answered, asserting that the amount in excess of $26,000 was a brokerage or discount fee and under LSA-R.S. 9:3505 did not constitute interest on the loan. The defendant also argued that this loan was made for business or commercial purposes and, therefore, the loan was exempt from the general 12 percent ceiling on interest rates pursuant to LSA-R.S. 9:3509.2(2) and LSA-C.C. Art. 2924(D).
The case was tried on May 19, 1988. Reasons for judgment were filed on December 13, 1988. The trial court found the purpose of the loan was to allow the plaintiff to pay off an existing debt and to go into business with her son. The court found that the parties discussed the interest rate and the plaintiff acknowledged that the rate was actually intended to be approximately 16 percent per annum. The court held that this was a business or commercial loan and that under LSA-C.C. Art. 2924, loans for business and commercial purposes are exempt from the usury law which limits the interest rate to 12 percent per annum.
The court rejected the plaintiffs argument that it must be stated in the instrument itself that the purpose of the loan was for business or commercial purposes. The court found that Coffey v. Peoples Mortgage & Loan of Shreveport, 408 So.2d 1153 (La.App.2d Cir.1981), cited by the plaintiffs for this proposition, was inapplicable.
Judgment was signed on August 27, 1990, in favor of the defendant, J. Scott Boucher, and against the plaintiffs, Geraldine S. Spencer, Richard A. Spencer and Joe G. Spencer, dismissing their demands. However, the judgment also stated that because of an agreement between the parties, Richard and Joe Spencer were relieved of all personal liability under the note and reserved to the defendant all rights to proceed against those parties, in rem only, in the event of default of payment by Geraldine Spencer.
The plaintiff appealed the trial court judgment. The plaintiff contends that the promissory note in question calls for the payment of usurious interest and that the trial court erred in applying LSA-C.C. Art. 2924, rather than the provisions of LSA-R.S. 9:3503, to the facts of this case. The plaintiff further contends that the trial court erred in failing to find that in order to claim a business loan exception to the usury provisions of LSA-C.C. Art. 2924, there must be a statement in writing in the instrument itself specifying the business or commercial purpose of the loan. The plaintiff further contends that the trial court erred in finding that the loan was made for business or commercial purposes when at most only 35 percent of the loan procéeds were used for such a purpose.
USURY LAW — WHICH PROVISIONS APPLY
The plaintiff argues that, by law, the maximum interest rate to be charged on a *100 conventional loan secured by a mortgage on immovable property is 12 percent per annum. LSA-R.S. 9:3503. The plaintiff contends that the difference between the $26,000 which she actually borrowed, and the face amount of the note of $38,327.97, constituted interest, in addition to the 12 percent per annum interest specified in the note which was to run from the date of the note until paid. She contends that, under this arrangement, the amount of interest charged by the defendant was in excess of the statutory maximum of 12 percent per annum and therefore was illegally usurious.
Under our law, capitalized interest included in the face amount of the note for more than 12 percent per annum is permitted under LSA-C.C. Art. 2924, provided the obligation does not bear more than 12 percent per annum interest after maturity.[2] Smith v. Ducote, 398 So.2d 190 (La.App. 3rd Cir.1981), writ denied 405 So.2d 531 (La.1981); Paulat v. Pirello, 353 So.2d 1307 (La.1977); Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65 (1960); Karmgard v. Southland Mortgage and Title Company, 341 So.2d 1109 (La.1977); Grunewald v. Bartholomew, 269 So.2d 274 (La.App. 4th Cir.1972). See also, Usury—Loan Discounting Exempt from Usury Laws in Louisiana, 35 Tulane L.Rev. 276 (1960).
However, if such interest is due from date, then the amount of capitalized interest is usurious. Mayfield v. Nunn, supra. The penalty for charging a usurious amount of interest is forfeiture of all the interest under the contract, even that which is not usurious, whether such be stipulated as interest, capitalized interest or other charges for the use of or delay in paying money, however denoted. LSA-R.S. 9:3501; Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.1973), cert. denied 414 U.S. 820, 94 S.Ct. 115, 38 L.Ed.2d 53 (1973); Blanchard v. Progressive Bank & Trust Company, 413 So.2d 589 (La.App. 1st Cir.1982); Grunewald v. Bartholomew, supra.
In the instant case, the note contained capitalized interest and the note called for the payment of interest from date; it does not specify that the 12 percent per annum interest will be paid only after the date of maturity of the note. Therefore, the capitalized interest contained in the note is usurious. Unless it can be shown that an exception to the provisions on usury applies, all interest must be forfeited.
At trial, the defendant argued that the loan was made for a business or commercial purpose and therefore under LSA-C.C. Art. 2924(D), the maximum interest rate of 12 percent per annum was not applicable. LSA-C.C. Art. 2924(D) specifies that the provisions of that article setting a maximum interest rate of 12 percent per annum, have no application to loans made for business or commercial purposes. The trial court agreed with the defendant’s position and applied LSA-C.C. Art. 2924(D), finding that because this loan was made in order to allow the plaintiff to open a store with her son, it was made for a business or commercial purpose and therefore the 12 percent per annum ceiling on conventional interest rates did not apply. Therefore, the capitalized interest included in the face of the note did not violate the usury laws.
The plaintiff contends that the trial court erred in applying LSA-C.C. Art. 2924 to this case. Rather, the plaintiff contends that the trial court should have applied LSA-R.S. 9:3501 et seq., dealing with interest. The plaintiff seems to argue that the Civil Code article and the Revised Statutes are in conflict with each other and that, when LSA-R.S. 9:3501 et seq. is applied to this case, the amount of interest charged in *101 the note is illegally usurious. These arguments are meritless.
The provisions on conventional interest contained in LSA-C.C. Art. 2924 and those contained in LSA-R.S. 9:3501 et seq. do not appear to be in conflict.
LSA-C.C. Art. 2924(C) provides in pertinent part:
(C)(1) The amount of conventional interest cannot exceed twelve percent per annum. The same must be fixed in writing; testimonial proof of it is not admitted in any case.
However, LSA-C.C. Art. 2924(D) sets forth a business or commercial purpose exception to the 12 percent ceiling on interest rates and provides:
The provisions of this Article shall not apply to a loan made for business or commercial purposes or deferring payment of an obligation for business or commercial purposes.
Therefore, LSA-C.C. Art. 2924 provides that the conventional interest rate is limited to 12 percent per annum except for business or commercial purposes.
LSA-R.S. 9:3503 and 3509 contain similar provisions. LSA-R.S. 9:3503 provides that, for real estate loans, the maximum amount of interest that may be charged is 12 percent per annum. That statute provides:
Notwithstanding any other law to the contrary, particularly but not exclusively Louisiana Civil Code Article 2924, the amount of simple conventional interest on obligations bearing interest from date and secured in whole or in part, directly or indirectly, by a mortgage on immovable property, shall not exceed twelve percent per annum. The same must be fixed in writing; testimonial proof of it is not admitted in any case.
However, LSA-R.S. 9:3509, as it read at the time this case arose, provided an exception to this maximum interest rate for loans made for business or commercial purposes:
Notwithstanding any other provision of the law of this state to the contrary, any debtor that is a domestic corporation, a foreign corporation, a partnership in commendam formed pursuant to the laws of this state, a foreign limited partnership, or a partnership in which all of the partners are either corporations, foreign limited partnerships, partnerships in commendam, or partnerships composed of corporations, foreign limited partnerships, or partnerships in commendam, or ordinary partnership or any other person borrowing funds for business or commercial purposes or deferring payment of an obligation for commercial or business purposes, may agree to pay interest in excess of the maximum rate of conventional interest authorized by the laws of this state, whether in connection with unsecured or secured indebtedness and whether the secured indebtedness is secured, in whole or in part, directly or indirectly, by a real estate or chattel mortgage on property in this state or is otherwise secured, and as to any such agreement such debtors shall be prohibited from asserting a claim or defense of usury of the taking of interest in excess of the maximum rate of conventional interest, and any person, whatsoever signing as co-maker, guarantor, or endorsor for such debt shall also be prohibited from asserting any such claim or defense. [Emphasis supplied.][3]
As can be seen from the provisions set forth above, a business or commercial exception to the 12 percent per annum ceiling on interest rates applies under either LSA-C.C. Art. 2924 or LSA-R.S. 9:3501 et seq. Under the application of either set of provisions, the law allows interest rates for business or commercial loans to exceed 12 percent. Therefore, the plaintiffs argument that no business or commercial purpose exception can affect the 12 percent maximum rate in this case is without merit.
BUSINESS OR COMMERCIAL PURPOSES
The plaintiff contends that the trial court erred in finding that this loan was *102 made for business or commercial purposes. The plaintiff claims that approximately $16,000 of the loan proceeds were used to pay off a mortgage on her home and only about $9,000 of the loan proceeds were actually used to stock the convenience store. She argues that under these circumstances, the trial court erred in finding that the loan was made for business or commercial purposes. This argument is meritless.
Testimony at trial shows that Ms. Spencer approached several banks and lending institutions in order to obtain a loan to open a convenience store. The record shows that Ms. Spencer always represented to the lending institutions that her purpose was to open a business with her son. In all instances, her loan requests were denied. Ms. Spencer had an existing mortgage on her house and property, and the lending institutions would not take the encumbered property as collateral for a new loan.
Ms. Spencer then approached Mr. Boucher in an attempt to borrow money. Mr. Boucher is a real estate appraiser and had appraised Ms. Spencer’s house and property for a bank.
The parties agreed that Mr. Boucher would loan Ms. Spencer enough money to pay off the mortgage and open a convenience store. The parties agreed that Mr. Boucher would charge more than 12 percent interest on the loan and that the additional amount of interest would be included in the face of the note. Pursuant to their agreement, Ms. Spencer signed a promissory note for $38,327.97 secured by a mortgage on her house and land.
Based upon the record in this case, we conclude that the trial court did not err in finding that the loan was for business or commercial purposes.
REQUIREMENT OF WRITING
The plaintiff argues that the trial court erred in finding that the business or commercial exception to the 12 percent per annum maximum rate applied in this case where the parties did not specify, in writing, that they intended such an exception to apply. Although the plaintiff earlier argues that the business and commercial exception of LSA-C.C. Art. 2924 does not apply in this case, she also argues, in the alternative, that if the exception applies, the loan instrument itself must specify that it is for business or commercial purposes in order to claim the benefit of an exception from usury. The plaintiff claims that this is the holding of Coffey v. Peoples Mortgage & Loan of Shreveport, 408 So.2d 1153 (La.App.2d Cir.1981), and that the trial court erred in failing to apply this rule to the facts of this case. This argument is meritless.
The plaintiff argues that Coffey v. Peoples Mortgage & Loan of Shreveport, supra, holds that, “If one wishes to exempt himself from the provisions of C.C. 2924, the intent to so exempt and the basis of the exemption must be expressed and written into the body of. the documents.” This simply is not the holding of Coffey v. Peoples Mortgage & Loan of Shreveport, supra.
In Coffey, the plaintiffs borrowed money from the defendant finance company for the purchase of a home and were charged interest in excess of that allowed by statute. The defendant argued that because it was a finance company, licensed under the Louisiana Consumer Credit Law of LSA-R.S. 9:3510 et seq., the transaction was a consumer credit sale, governed by the consumer credit law. The defendant argued that it should be able to charge more than the conventional rate of interest. The defendant argued that because the plaintiffs borrowed from a finance company, they should have had every expectation that they would be charged finance company rates permitted by the consumer credit law.
The court found that, under LSA-R.S. 9:3510, this transaction was not a consumer credit sale. However, the court noted that the consumer credit law allows parties to any excluded transaction to contract with one another that the transaction shall be governed by the consumer credit law, thereby allowing a higher rate of interest.
LSA-R.S. 9:3514 provides that, “The parties to a transaction, other than a consumer credit transaction ... may contract with *103 one another that such transactions shall be subject to the provisions of this Chapter in which event the transaction shall be a consumer credit transaction within the provisions of this Chapter notwithstanding any other provisions of the law to the contrary. ...”
In Coffey, the court was construing the provisions of our state consumer credit law and found as follows:
Applying the principle of reasonably strict construction, we hold that an otherwise excluded debtor and creditor may avail themselves of the Consumer Credit Law by contract under § 3514, but this “contract” must be specifically and expressly written into the transaction they desire to have governed by that law and the burden of proving this contract is on him who claims the benefit of that law.
The court in Coffey did not hold, as the plaintiff argues, that in order to come under an exception to LSA-C.C. Art. 2924, the parties must express such an intent in a written agreement. The court in Coffey was construing the Louisiana Consumer Credit Law which allows those who would not ordinarily come under its provisions to agree to submit themselves to the provisions of that law, including the charging of higher interest rates.
However, in this case, the applicable law is not the consumer credit law found in LSA-R.S. 9:3510 et seq., but rather the applicable provisions of LSA-C.C. Art. 2924 and LSA-R.S. 9:3503 and 3509. These provisions are self-operating and allow for the charging of a higher rate of interest based upon the type of transaction, that is, for a business or commercial purpose. There is no requirement under these provisions that the intent to charge a higher rate of interest for a loan for business or commercial purposes must be expressed in writing.
Therefore, we find that Coffey v. Peoples Mortgage & Loan of Shreveport, supra, has no application to this case and we find that, in this case, it was not necessary to express an intent in writing in order to trigger the business and commercial purpose exception of LSA-C.C. Art. 2924 or LSA-R.S. 9:3509.
CONCLUSION
For the reasons stated above, we affirm the trial court judgment in favor of the defendant, J. Scott Boucher, and against the plaintiff, Geraldine S. Spencer. All costs of these proceedings are assessed to the plaintiff.
AFFIRMED.
APPLICATION FOR REHEARING
Before SEXTON, NORRIS, LINDSAY, HIGHTOWER and VICTORY, JJ.
Rehearing denied.

. The plaintiffs sons, Richard A. Spencer and Joe Spencer, were also named as plaintiffs in the suit, claiming that if they signed the promissory note at issue, their signatures were obtained by misrepresentation and fraud. However, at trial, the parties agreed to release the sons from personal liability.

. LSA-C.C. Art. 2924(C)(4)(a) provides: The owner of any promissory note, bond, or other written evidence of debt for the payment of money to order or bearer or transferable by assignment shall have the right to collect the whole amount of such promissory note, bond, or other written evidence of debt for the payment of money, notwithstanding such promissory note, bond, or other written evidence of debt for the payment of money may include a greater rate of interest or discount than twelve percent per annum; such obligation shall not bear more than twelve percent per annum after maturity until paid.

. LSA-R.S. 9:3509 was amended by Act 1990, No. 734 § 1 and No. 847 § 1. However, these amendments did not change the provisions of the statute which apply to this case.